1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MOORE, JR., a minor, by and through his Guardian ad litem, ALICIA MOORE, individually and as successor in interest of James W. Moore, deceased,<br><br>                              Plaintiffs,<br><br>        v.<br><br>COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPT., MACK WIMBISH, DANIEL THOMAS LINDINI, ANGELA LOPEZ BRAVO, LISA DIANE ROMERO, RANDALL HOLTZ, JULIAN TREVINO, LARRY GENE JOHNSON, GREGORY MORGAN, SHANNON HAIUNGS, JAIME TELLEZ, MARK JIMENEZ, MOSES ADAME, CLINTON MINOR, GREGORY COSSEL, JEFF COLBERT, MARCUS HUDGINS, and DOES 1 to 100, inclusive,<br><br>                              Defendants.<br>_____<br><br>AND RELATED CONSOLIDATED CASE AND CROSS-CLAIMS<br>_____ | CIV F  05-1115 AWI LJO<br><br>Consolidated with:<br>CV F 06-0120 OWW SMS<br><br><br>ORDER ON DEFENDANT HOLTZ'S MOTION TO DISMISS |

This is a civil rights case that stems from the death of James Moore ("Decedent") from multiple applications of allegedly improper force while Decedent was in custody at the Kern County Jail and while Decedent was in transit to a hospital.  James Moore, Jr., by and through his

guardian ad litem Alicia Moore, ("Plaintiff") is a minor son of Decedent who brought suit against Kern County and numerous Kern County law enforcement personnel.[1]  In his Second Amended Complaint ("SAC"),[2] Plaintiff alleges nine causes of action under both federal and state law against Defendants.  Defendant Randall Holtz ("Holtz") has filed a Rule 12(b)(6) motion to dismiss the third (42 U.S.C. § 1983 conspiracy), sixth (state law negligent infliction of emotional distress), seventh (state law intentional infliction of emotion distress), and ninth (state law conspiracy) causes of action.[3]  For the reasons that follow, Holtz's motion will be granted in part and denied in part.

## **LEGAL STANDARD**

 *Rule 8(a)*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)).  This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957).  The pleadings need only give the opposing party fair notice of a claim and the claim's basis. Conley, 355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). 47).  The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877.  "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." Fontana, 262 F.3d at 877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982).

---

[1]This case has been consolidated with a case brought by Bryce Moore, another minor son of Decedent. Bryce Moore is also a plaintiff, but this motion deals with the allegations made by James Moore, Jr.

[2]The Second Amended Complaint, as per the order signed by the Magistrate Judge on April 14, 2006, is Document 35-2 in the Court's docket.

[3]The motion to dismiss indicates that it seeks dismissal of the SAC, but then only argues that dismissal of four of the nine alleged causes of action is appropriate.  Given the substance of Holtz's motion, the Court construes it as a motion for partial dismissal of the SAC.

1    _Rule 12(b)(6)_

2        Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

3    plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

4    This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be

5    granted under any set of facts that could be proved consistent with the allegations." Neitzke v.

6    Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480,

7    1484 (9th Cir. 1995).   Thus, the determinative question is whether there is any set of "facts that

8    could be proved consistent with the allegations of the complaint" that would entitle plaintiff to

9    some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).   In reviewing a complaint

10   under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light

11   most favorable to the non-moving party.   Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th

12   Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).   The Court must also assume

13   that general allegations embrace the necessary, specific facts to support the claim.   Smith v.

14   Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified

15   Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).   But, the Court is not required "to accept as true

16   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

17   inferences."   Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also

18   Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining

19   Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).   Courts will not "assume the truth of legal

20   conclusions merely because they are cast in the form of factual allegations."   Warren, 328 F.3d at

21   1139; Western Mining Council, 643 F.2d at 624.   Furthermore, Courts will not assume that

22   plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . .

23   laws in ways that have not been alleged."   Associated General Contractors of California, Inc. v.

24   California State Council of Carpenters, 459 U.S. 519, 526 (1983).

25        A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or

26   on the absence of sufficient facts alleged under a cognizable legal theory.   Navarro v. Block, 250

27   F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

28

1988).  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**HOLTZ'S MOTION**

1.    **Third Cause of Action – 42 U.S.C. § 1983 Conspiracy**

_Defendant's Argument_

Citing to a treatise, Holtz argues that conspiracies to violate civil rights are only actionable through 42 U.S.C. § 1985.  Because Plaintiff has improperly alleged conspiracy under 42 U.S.C. § 1983, the cause of action should be dismissed.  Further, to the extent that Plaintiff claims the existence of a conspiracy, the allegations are insufficient to show a meeting of the minds.  Although Plaintiff does not need to rely on direct proof, there must be at least circumstantial evidence that Holtz was a member of the conspiracy.  The allegations of conspiracy at paragraphs 15 and 69 contain insufficient material facts and do not show that Holtz was involved in the conspiracy.

_Plaintiff's Opposition_

Plaintiff argues that a conspiracy claim may be brought under 42 U.S.C. § 1983 for violations of constitutional rights and that he is not limited to only 42 U.S.C. § 1985.

As for the adequacy of the "meeting of the minds" allegations, Plaintiff argues that Defendant is impermissibly relying on summary judgment cases and is not viewing the SAC in the light of the liberal 12(b)(6) standard.  The allegations place Holtz on notice of the conspiracy claim, there are allegations that Holtz participated in a combination to violate Decedent's civil rights, and there are allegations of specific acts by Holtz in furtherance of the agreement.  The SAC alleges more facts than those found to be sufficient in _Carreon v. Bauman_, 747 F.Supp.

4

1290, 1291 (N.D. Ill. 1990), and the motion should be denied.

*Allegations In The Complaint*

On August 15, 2005, Kern County law enforcement personnel were in the process of transporting Decedent when, without cause, they assaulted and used excessive and ultimately deadly force upon Decedent. See SAC at ¶ 14. All Defendants, including Holtz, are alleged to have assaulted, battered, punched, choked, etc. Decedent without cause, to have refused (with various mental states alleged) to intervene to prevent the other Defendants from assaulting Decedent, to have failed to report the wrongful conduct of the other Defendants towards Decedent, to have inflicted emotional distress on Decedent, and to have aided and abetted and entered into a conspiracy to assault Decedent as well as cover-up their wrongful conduct. See id. at ¶¶ 15(a)-(e), 16, 17. On August 15, 2005, Holtz unreasonably and unnecessarily applied a carotid hold on Decedent, which rendered the Decedent unconscious. Id. at ¶ 16. Holtz also used a baton on Decedent. Id. at 17. As a result of the trauma inflicted upon Decedent by all Defendants, Decedent died on August 21, 2005. Id. at ¶ 19. After incorporating by reference all prior allegations, Plaintiff alleges:

> Defendants . . . [including] Randall Holtz . . . entered into a civil conspiracy and agreement, within the meaning of, *e.g.*, *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1301-02 (9th Cir. 1999), and *Hampton v. Hanrahan*, 600 F.2d 600, 620-21 & n.19 (7th Cir. 1979) . . . to violate the civil rights of: (a) Decedent, by assaulting, battering, kicking, punching, and using excessive force, and ultimately deadly force upon Decedent without cause, reason, or justification; and (b) Plaintiff, by depriving Plaintiff of his familial relationship with, and the love, society, affection, [etc.] of Decedent by harming, injuring and ultimately killing Decedent. In fact, inter alia, that said Defendants aided, abetted, approved, ratified and/or deliberately and knowingly failed, refused, and/or refrained from intervening in or stopping the assault and battery upon Decedent, and/or deliberately and knowingly failed, refused and/or refrained from promptly and accurately reporting the incident to their superiors and/or other appropriate authorities.

Id. at ¶ 69.

*Resolution*

A plaintiff may allege a conspiracy under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985. See Dixon v. City of Lawton, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990); Klingele v. Eikenberry, 849 F.2d 409, 413 (9th Cir. 1988); Cohen v. Norris, 300 F.2d 24, 27-28 (9th Cir. 1962); Hopper

5

1   v. Hayes, 573 F.Supp. 1368, 1371 (D. Idaho 1983).  A conspiracy under 42 U.S.C. § 1983 is "a

2   conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of

3   state law."  Dixon, 898 F.2d at 1449 n.6.  In order to "recover under a § 1983 conspiracy theory,

4   a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights;

5   pleading and proof of one without the other will be insufficient."  Id.; see also Nieves v.

6   McSweeney, 241 F.3d 46, 53 (1st Cir. 2001); Ting v. United States, 927 F.2d 1504, 1512 (9th

7   Cir. 1991); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989); Dooley v.

8   Reiss, 736 F.2d 1392, 1395 (9th Cir. 1984); Hampton v. Hanrahan, 600 F.2d 600, 622-23 (7th

9   Cir. 1979);[4] Crowe v. County of San Diego, 303 F.Supp.2d 1050, 1086 (S.D. Cal. 2004); Hopper,

10   573 F.Supp. at 1371.  The "essence of a § 1983 claim is the deprivation of the right rather than

11   the conspiracy."  Dixon, 898 F.2d at 1449; Lesser v. Braniff Airways, Inc., 518 F.2d 538, 540 n.2

12   (7th Cir. 1975).  Unlike a conspiracy under 42 U.S.C. § 1985, a conspiracy under 42 U.S.C. §

13   1983 does not require a plaintiff to prove a racial or class-based animus.  See Dixon, 898 F.2d at

14   1449 n.6; Klingele, 849 F.2d at 413; Hopper, 573 F.Supp. at 1371.

15        "To establish a conspiracy, a plaintiff must demonstrate the existence of an agreement or

16   'meeting of the minds' to violate constitutional rights."  Mendocino Envtl. Ctr. v. Mendocino

17   County, 192 F.3d 1283, 1301 (9th Cir. 1999); Vieux v. E. Bay Reg'l Park Dist., 906 F.2d 1330,

18   1343 (9th Cir. 1990); Woodrum, 866 F.2d at 1126.  "The defendants must have, by some

19   concerted action, intended to accomplish some unlawful objective for the purpose of harming

20   another which results in damage."  Mendocino Envtl. Ctr., 192 F.3d at 1301; Gilbrook v. City of

21   Westminster, 177 F.3d 839, 856 (9th Cir. 1999).  This agreement or meeting of the minds may be

22   inferred on the basis of circumstantial evidence, such as the actions of the defendants.  See

23   Mendocino Envtl. Ctr., 192 F.3d at 1301; Gilbrook, 177 F.3d at 856.  A showing that defendants

24   committed acts that "are unlikely to have been undertaken without an agreement" may support

25   the inference of a conspiracy.  Mendocino Envtl. Ctr., 192 F.3d at 1301.  Conclusory allegations

26   of conspiracy, however, are not enough to support a § 1983 conspiracy claim.  See Burns v.

27

28      [4]Reversed in part on other grounds, 448 U.S. 913 (1980).

1  County of King, 883 F.2d 819, 821 (9th Cir. 1989); Woodrum, 866 F.2d at 1126; Aldabe v.

2  Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  A plaintiff must allege specific facts to support the

3  existence of the claimed conspiracy.  See Olsen v. Idaho Bd. of Medicine, 363 F.3d 916, 929 (9th

4  Cir. 2004); Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Burns, 883

5  F.2d at 821; Woodrum, 866 F.2d at 1126.  Allegations that identify "the period of the conspiracy,

6  the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve

7  that purpose," Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000); Fioriglio v. City

8  of Atlantic City, 996 F.Supp. 379, 386 (D. N.J. 1998), and allegations that identify "which

9  defendants conspired, how they conspired and how the conspiracy led to a deprivation of his

10 constitutional rights," Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997), have been held to

11 be sufficiently particular to properly allege a conspiracy.

12       Here, Holtz's argument that no conspiracy claim is available under § 1983 is meritless.  A

13 Plaintiff's ability to allege a conspiracy under § 1983 in the Ninth Circuit is well established.

14 E.g. Klingele, 849 F.2d at 413; Dooley, 736 F.2d at 1395; Cohen, 300 F.2d at 27-28.

15       As for the adequacy of the conspiracy allegations, the SAC alleges that all Defendants,

16 including Holtz, entered into a conspiracy to violate Decedent's Fourth Amendment rights

17 through the application of excessive force.  The SAC shows that the Decedent's rights against

18 excessive and deadly force were violated on August 15, 2005, through a variety of assaults that

19 were done without cause, including the use of a carotid hold and a baton against Decedent

20 specifically by Holtz.  The SAC alleges and shows that none of the Defendants, including Holtz,

21 intervened to prevent any of the assaults against Decedent and that the conduct against Decedent

22 was not timely or accurately reported by the Defendants, including Holtz, to their supervisors.

23 There are numerous Defendants who are alleged to have assaulted Decedent on August 15, 2005,

24 and no one intervened, and no one timely or accurately reported the assaults against Decedent.

25 Since this is a Rule 12(b)(6) motion, the Court assumes the truth of these allegations and views

26 them in the light most favorable to Plaintiff.  Given that the SAC alleges that the Defendants,

27 including Holtz, conspired against Decedent, alleges the object of the conspiracy, alleges conduct

28

done in furtherance of the conspiracy by Holtz and all Defendants, alleges how the Decedent was harmed, and identifies at least part of the time period of the conspiracy, and given the number of persons who are alleged to have acted in conformity with a conspiracy to use excessive force and then not timely or accurately report the incident, the allegations are sufficiently particular to allege a conspiracy under 42 U.S.C. § 1983 against Holtz for purposes of a 12(b)(6) motion.  See San Diego Police Officers' Ass'n v. Aguirre, 2005 U.S. Dist. LEXIS 38166 at *26-*27 (S.D. Cal. 2005); Slade v. Gates, 2002 U.S. Dist. LEXIS 20402 at *7-*9 (C.D. Cal. 2002); Carreon, 747 F.Supp. at 1291-92.  Holtz's motion to dismiss this claim is denied.

**2.      Ninth Cause of Action – State Law Conspiracy**

Holtz seeks to dismiss the Ninth Cause of Action, state law conspiracy.  The allegations in the SAC and the arguments made both in favor of and in opposition to the federal conspiracy claim are essentially the same as those regarding the state conspiracy claim.

The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design.  Rusheen v. Cohen, 37 Cal. 4th 1048, 1062 (Cal. 2006).  "A civil conspiracy, however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage."  Doctors' Co. v. Superior Court, 49 Cal.3d 39, 44 (1989).  Given the elements of a civil conspiracy under California law and the liberal federal pleadings standards that are applicable, the Court sees no reason why the same analysis made regarding the federal conspiracy claim would not also apply to the state law conspiracy claim. For the reasons discussed in connection with Plaintiff's § 1983 conspiracy claim, Holtz's motion to dismiss this claim is denied.

**3.      Sixth & Seventh Causes of Action –  State Law Intentional & Negligent Infliction Of Emotional Distress**

*Defendant's Argument*

Holtz argues that Plaintiff alleges causes of action for intentional and negligent infliction

of emotional distress as a successor in interest to Decedent.   However, California Code of Civil Procedure § 377.34 ("C.C.P. § 377.34") prohibits a successor in interest from recovering damages for pain, suffering and disfigurement.  Holtz argues that this is understood to include mental anguish and emotional distress.  Given C.C.P. § 377.34's prohibition, Plaintiff cannot maintain these causes of action.

*Plaintiff's Opposition*

Plaintiff addresses C.C.P. § 377.34 in the context of 42 U.S.C. § 1983, but does not respond to Holtz's argument that the state law causes of action alleged in the Sixth and Seventh causes of action should be dismissed.

*Discussion*

California law provides that, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Pro. § 377.20(a); Chavez v. Carpenter, 91 Cal.App.4th 1433, 1438 (2001).  "A cause of action that survives the death of the person . . . may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."  Cal. Code Civ. Pro. § 377.30; Estate of Lowrie, 118 Cal.App.4th 220, 228 n.8 (2004).  Unlike a wrongful death cause of action, a survival cause of action is not a new cause of action that vests in heirs on the death of the decedent, rather it is a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event.  Grant v. McAuliffe, 41 Cal.2d 859, 864 (1953); Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 1256, 1264-65 (2006).  However, California has placed the following limitation on the damages that are recoverable in a survival cause of action:

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, *and do not include damages for pain, suffering, or disfigurement.*

Cal. Code Civ. Pro. § 377.34 (emphasis added); see also Quiroz, 140 Cal.App.4th at 1264-65.

In other words, "a decedent's cause of action for pain and suffering dies with him." Bartling v. Glendale Adventist Medical Center, 184 Cal.App.3d 961, 969 (1986).  Courts have

9

held, both under C.C.P. § 377.34 and its predecessor Probate Code § 573(c),[5] that emotional

distress damages are within the definition of "pain and suffering damages" and do not survive the

death of a decedent under the California survival statute.  See Sposato v. Electronic Data Sys.,

188 F.3d 1146, 1149-50 (9th Cir. 1999); Maddox v. Philadelphia Life Ins. Co., 77 F.Supp.2d

1123, 1134 (S.D. Cal. 1999); California v. Home Federal Sav. & Loan Ass'n, 1989 U.S. Dist.

LEXIS 15947 at *7-*8 (N.D. Cal. 1989); Simon v. San Paolo U.S. Holding Co., 35 Cal.4th 1159,

1176-77 (2005); Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 920 n.3 (1978); Urbaniak v.

Newton, 226 Cal.App.3d 1128, 1142 (1991).

        Additionally, under 42 U.S.C. § 1988, a § 1983 claim that accrued before death survives

the decedent where state law authorizes a survival action as a "suitable remedy . . . not

inconsistent with the Constitution and laws of the United States. . ."  42 U.S.C. § 1988;

Robertson v. Wegmann, 436 U.S. 584, 588-90 (1978).  Federal California courts have reached

opposite conclusions whether the limitations set by C.C.P. § 377.34 applies to the damages

available under 42 U.S.C. § 1983.  Cf. Venerable v. City of Sacramento, 185 F.Supp.2d 1128

(E.D. Cal. 1128) (holding that C.C.P. § 377.34 applies) with Williams v. City of Oakland, 915

F.Supp. 1074 (N.D. Cal. 1996) (holding C.C.P. § 377.34 does not apply).

        In the case at bar, the motion to dismiss is limited to whether the Court should dismiss the

Sixth and Seventh Causes of Action, which are state law claims for intentional and negligent

infliction of emotional distress.  The torts of negligent and intentional infliction of emotional

distress both contain as an essential element that the plaintiff actually suffered serious emotional

distress.  See Badell v. Celtic Life Ins., Co., 159 F.Supp.2d 1186, 1194 (C.D. Cal. 2000); Bogard

v. Employers Cas. Co., 164 Cal.App.3d 602, 618 (1985); California Jury Instructions – Civil

(CACI) (January 2006 ed.) at §§ 1600, 1620.  Plaintiff is attempting to recover for the emotional

distress experienced by Decedent prior to Decedent's death.  See SAC at ¶¶ 81, 84, 86, 89.

Under C.C.P. § 377.34, a successor in interest, such as Plaintiff, cannot recover damages for the

---

[5]The 1992 Law Revision Comments state that, "Section 377.34 restates former Probate Code Section 573(c) without substantive change . . . ."  1992 Law Revision Comments to Cal. Code Civ. Pro. § 377.34; see also ARA Living Centers, Inc. v. Superior Court, 18 Cal.App.4th 1556, 1563 (1993).

emotional distress suffered by a decedent prior to death.[6]  See <u>Maddox</u>, 77 F.Supp.2d at 1134; <u>California</u>, 1989 U.S. Dist. LEXIS 15947 at *7-*8; <u>Simon</u>, 35 Cal.4th at 1176-77; <u>Neal</u>, 21 Cal.3d at 920 n.3; <u>Urbaniak</u>, 226 Cal.3d at 1142.  Whether such emotional distress was negligently or intentionally inflicted is of no consequence.  See <u>California</u>, 1989 U.S. Dist. LEXIS 15947 at *7-*8.  Since damages for emotional distress under the Sixth and Seventh causes of action are barred by C.C.P. § 377.34, and since Plaintiff has failed to address the application of C.C.P. § 377.34 to these claims, the Sixth and Seventh causes of action are dismissed without leave to amend.[7]

## ORDER

In light of the above, IT IS HEREBY ORDERED that:

1.     Defendant Holtz's motion to dismiss the Third and Ninth Causes of Action is DENIED;

2.     Defendant Holtz's motion to dismiss the Sixth and Seventh Causes of Action is GRANTED and those causes of action are DISMISSED without leave to amend; and

3.     Holtz is to file an answer to Plaintiff's second amended complaint within ten (10) days of service of this order.

---

[6]C.C.P. § 377.34 does not bar recovery of pain and suffering damages awarded in a judgment if the plaintiff dies after that judgment is rendered but while an appeal is pending.  <u>Sullivan v. Delta Air Lines, Inc.</u>, 15 Cal.4th 288, 305 (1997).  However, that is not the posture of this case.

[7]Plaintiff raises the issue of C.C.P. § 377.34's application to his 42 U.S.C. § 1983 claims in opposition.  In his reply brief, Holtz argues that C.C.P. § 377.34 does apply.  However, Holtz's original motion to dismiss did not argue that pain and suffering damages suffered by the Decedent are unavailable to Plaintiff in the § 1983 causes of action, i.e. that C.C.P. § 377.34 applies.  Rather, Holtz's argument regarding C.C.P. § 377.34's applicability was limited to the Sixth and Seventh causes of action, which are state law claims.  The Court believes that full briefing on the issue in the form of an initial motion that actually raises the issue should be filed before the Court decides the matter.  Accordingly, the Court will not decide the issue of C.C.P. § 377.34's applicability to Plaintiff's § 1983 claims at this time.

IT IS SO ORDERED.

**Dated:     July 31, 2006**                              /s/ Anthony W. Ishii
0m8i78                                          UNITED STATES DISTRICT JUDGE