# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MOORE, JR, et al., | CASE NO. CV F 05-1115 AWI LJO |
| Plaintiffs, | **ORDER ON APPLICATION FOR AN OSC RE CONTEMPT TO THIRD PARTY WITNESS** |
| vs. | |
| COUNTY OF KERN, et al., | |
| Defendants. | |

In a notice filed on October 31, 2006, the County of Kern ("County") applies for an OSC why third party deponent John Tripp ("Mr. Tripp") should not be held in contempt for failing to appear for his deposition on October 23, 2006. Mr. Tripp filed a response on November 22, 2006. Defendant filed a reply on November 30, 2006. The matter came on regularly for hearing on December 8, 2006 in Department 8 of the above-entitled court. Plaintiff and Mr. Tripp appeared by counsel Charles Chapman. Various defendants appeared by counsel Mark Nations, William Bruce, Oliver Robinson, and Karen Newcomb. Having considered the moving, opposition, and reply papers, as well as the arguments of counsel and the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

In this Civil Rights case, plaintiffs contend that while James Moore was in the custody of the Kern County Sheriff's department, he was beaten and later died as a result of his injuries.

1    County noticed the deposition and subpoenaed John Tripp for a deposition for September 26,
2    2006, which was postponed to October 23, 2006 at the request of plaintiff's counsel, Daniel Rodriguez,
3    who expressly represented that he was representing Mr. Tripp.  On the day of the deposition, defense
4    counsel appeared and Daniel Rodriguez appeared who stated that Mr. Tripp would not appear for the
5    deposition due to health reasons.  He stated that Mr. Tripp would not show for any future deposition for
6    the same reason.  Mr. Tripp did not move to quash the subpoena, move for a protective order, nor did
7    he advise counsel of a problem with the subpoena at any time before that date.  Counsel was not
8    informed that Mr. Tripp would fail to appear for his deposition until the time of the deposition.

## ANALYSIS AND ORDER

10   **Relevancy:** Mr. Tripp objects to the taking of his deposition on the grounds of relevancy.  This
11   objection is OVERRULED.  Mr. Tripp made the two 911 calls which resulted in law enforcement
12   coming to Mr. Tripp's house and arresting Moore.  He is also a percipient witness to the nature of the
13   relationship between Moore and his sons, Bryce and James, among other relevant areas of discovery.
14   The Court finds that Mr. Tripp's testimony goes to the heart of the case and therefore, his testimony is
15   relevant.

16   **Medical condition:** Mr. Tripp has presented, thus-far, uncontroverted evidence that he has
17   several significant health conditions, the conditions endanger his life, and the stress associated with a
18   deposition would exacerbate his conditions. Mr. Tripp submits the declaration of Denis Maddox, M.D.
19   who is Mr. Tripp's cardiologist.  Dr. Maddox has been his cardiologist for two years and bases his
20   opinion on his own treatment and review of past medical records.  He opines that Mr. Tripp is 71 years
21   old, suffers from hypertension, diabetes, heart disease for which he had an angioplasty in 1997, and a
22   6 vessel coronary bypass in 2004, bilateral carotid thromboendarterectomies and also has prostrate
23   cancer.  Dr. Maddox states, "it is my professional opinion that forcing Mr. Tripp to attend and testify
24   at his deposition <u>could</u> seriously threaten his life.  Mr. Tripp's medical condition is so serious that it
25   <u>could</u> take a dangerous and life threatening turn or the worse within minutes when he is under stress."
26   (Emphasis added.)  "Could" is not the legal test.  There is nothing currently before the Court answering
27   the following question: can a physician state that, with <u>medical probability</u>, the giving of a deposition
28   testimony by Mr. John Trill will be life threatening to him?

2

At oral argument, Mr. Tripp's counsel, Mr. Chapman, argued that Mr. Tripp intended to comply with the subpoena, but that on the day of the deposition and during deposition preparation with co-counsel, Mr. Rodriguez, Mr. Tripp became very ill.  Defendants objected to the evidence as hearsay.  Accordingly, the Court will order Mr. Rodriguez to provide supplemental evidence, as stated below.

Also at oral argument, defendants' counsel argued that Dr. Maddox's declaration was contradicted by his testimony.  Defendants' counsel referred to deposition testimony wherein Dr. Maddox opined that during medical testing, Mr. Tripp's blood pressure increased dangerously.  Defendants distinguished the medical testing from that of a deposition procedure.

The Court, however, is not in a position to render a medical opinion from this evidence and cannot draw the opposite conclusion from the uncontroverted opinion (speculation or not) of Dr. Maddox of the dangerous nature of Mr. Tripp's conditions.

Accordingly, the Court ORDERS as follows:

(1) By 4:00 p.m. on Monday, December 11, 2006, counsel Daniel Rodriguez shall submit a declaration via facsimile (559-494-3961) regarding his deposition preparation of Mr. Tripp referred to at oral argument to explain why no prior notice was provided that Mr. Tripp would fail to appear for his deposition.  Once the Court receives the declaration, a decision will be made on the OSC re Contempt that is pending.

(2) Third Party deponent John Tripp shall have the option of one of following:

  (A) Submit to a deposition to be taken at defendants' counsel's office within the next 10 days;

  (B) Submit to a deposition to be taken in a medical setting as described by Dr. Maddox, in whole or in part; or

  ( C) Submit to a medical examination by a Board certified cardiologist or internist, selected by and paid for by defendants,

Mr. Tripp shall have until noon on December 11, 2006 for his counsel to communicate via facsimile the option selected by Mr. Tripp to defense counsel.

Should Mr. Tripp elect to submit to a medical examination by a Board certified cardiologist or internist, the medical professional shall submit a report to the requesting attorney, who shall provide a

1  copy to all counsel and to the Court via facsimile at 559-494-3961.
2      If an issue remains, counsel shall make themselves available for a conference call, and make
3  arrangements for the conference call (559-499-5680), within 48 hours of all counsel being told that the
4  matter remains unresolved for a further hearing on the issue.
5  IT IS SO ORDERED.
6  **Dated:   December 8, 2006**         /s/ Lawrence J. O'Neill
   b9ed48                                      UNITED STATES MAGISTRATE JUDGE