# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MOORE, JR., a minor, by and through his Guardian ad litem, ALICIA MOORE, individually and as successor in interest of James W. Moore, deceased,<br><br>                    Plaintiffs,<br><br>        v.<br><br>COUNTY OF KERN, et al.,<br><br>                    Defendants.<br><br>AND RELATED CONSOLIDATED CASE AND CROSS-CLAIMS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

1:05-cv-1115-AWI-SMS

Consolidated with:
1:06-cv-0120-OWW-SMS

ORDER GRANTING MOTION OF
PLAINTIFF BRYCE J. MOORE FOR
LEAVE TO FILE FIRST AMENDED
COMPLAINT (DOC. 125)

ORDER GRANTING MOTION OF
PLAINTIFF JAMES W. MOORE, JR.,
FOR LEAVE TO FILE THIRD AMENDED
COMPLAINT (DOC. 128)

ORDER DIRECTING THE FILING AND
SERVICE OF AMENDED COMPLAINTS

ORDER RESCHEDULING DATES

        Pretrial Conference:
        June 20, 2008
        8:30 a.m.
        Hon. Anthony W. Ishii
        Courtroom 2

        Jury Trial: August 12, 2008
        (25 days)

The minor Plaintiffs are proceeding with consolidated civil actions in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(3) and 72-303. Pending before the Court are separate motions of the Plaintiffs for leave to file amended complaints (a

1

1  third amended complaint in the lead case, a first amended
2  complaint in the member case).

3     I. <u>Background</u>

4     In these consolidated actions, minor Plaintiffs James W.
5  Moore, Jr. (1:05-cv-1115-AWI-SMS) and Bryce J. Moore (1:06-cv-
6  120-AWI-LJO) are proceeding individually and as successors in
7  interest of the decedent against Kern County and numerous Kern
8  County law enforcement officers for allegedly using excessive
9  force upon decedent James W. Moore, father of the Plaintiffs,
10 while he was in custody at the Kern County Jail and during
11 transit to a hospital, and causing his death. The two minors are
12 represented by separate guardians ad litem.

13    In the action of Plaintiff James W. Moore, Jr., the case is
14 proceeding upon the second amended complaint filed on April 4,
15 2006, pursuant to the parties' stipulation, in which Plaintiff
16 alleged federal civil rights claims (violations of the Fourth and
17 Fourteenth Amendments, Fourteenth Amendment substantive due
18 process, and federal conspiracy) and state claims (assault and
19 battery, negligence and negligent infliction of emotional
20 distress, invasion of privacy/publication of private facts, and
21 conspiracy under California law). On August 1, 2006, the Court
22 granted in part the motion to dismiss of Defendant Randall Holtz,
23 ruling that with respect to the sixth and seventh claims for
24 intentional and negligent infliction of emotional distress under
25 California law, the Plaintiffs could not recover damages for the
26 emotional distress experienced by the decedent before his death.
27 The Court reasoned that Cal. Civ. Proc. Code § 377.34 barred the
28 recovery of such damages by a successor in interest to the

1  decedent. (Order at pp. 10-11.)

2       In the action of Plaintiff Bryce J. Moore, the action

3  proceeded on the original complaint filed on January 2, 2006,

4  alleging the same claims as those stated in the action of

5  Plaintiff James W. Moore, Jr.

6       On May 22, 2006, in both actions pursuant to the parties'

7  stipulation, the Court ordered that the two actions, including a

8  cross-complaint of Daniel Thomas Lindini, "be consolidated into

9  one action for all purposes...." It was further agreed and

10 ordered that the cases "will be managed by the Honorable Anthony

11 W. Ishii and that the master file in the consolidated case"

12 should carry the title of action 1:05-cv-1115-AWI-LJO. (Stip. and

13 Orders p. 2.) The minutes accompanying the docket entries reveal

14 that the member case (1:06-cv-120-AWI-SMS) was closed and all

15 future filings were to be made in the lead case.

16      On July 23, 2007, Plaintiff Bryce J. Moore filed a motion

17 for leave to file an amended complaint, including a notice and

18 memorandum, declaration of Charles R. Chapman, and exhibits A

19 through C (alternative forms of proposed pleadings). On August

20 31, 2007, Jeff Colbert and Marcus Hudgins, who were defendants in

21 Plaintiff James's action, filed opposition, including a

22 memorandum of law and a declaration of Karen A. Newcomb. On

23 September 4, 2007, Defendant Randall Holtz filed opposition, in

24 which Defendant Ralph Contreras joined on September 4, 2007. On

25 September 4, 2007, Defendants County of Kern, Kern County

26 Sheriff's Department, Sheriff Mack Wimbish, Mark Jimenez, Moses

27 Adame, and Gregory Cossel, and Cross-Defendant County of Kern,

28 filed opposition including a memorandum, declaration of Mark L.

1   Nations, and exhibits; Defendants Julian Revino, Larry Gene

2   Johnson, and Shannon Haiungs joined in the opposition on

3   September 5, 2007. On September 14, 2007, Plaintiff Bryce J.

4   Moore filed a reply brief and declaration of Charles R. Chapman

5   with attached exhibits.

6        On August 1, 2007, Plaintiff James W. Moore, Jr., filed a

7   motion for leave to file an amended complaint, including a notice

8   and memorandum, declaration of David K. Cohn, and exhibits A

9   through C (alternative forms of proposed pleadings). On September

10  4, 2007, Defendant Randall Holtz filed opposition in which

11  Defendant Ralph Contreras jointed on Spetember 4, 2007. On

12  September 4, 2007, Defendants County of Kern, Kern County

13  Sheriff's Department, Sheriff Mack Wimbish, Mark Jimenez, Moses

14  Adame, and Gregory Cossel, and Cross-Defendant County of Kern,

15  filed opposition including a memorandum, declaration of Mark L.

16  Nations, and exhibits; Defendants Julian Trevino, Larry Gene

17  Johnson, and Shannon Haiungs joined in the opposition on

18  September 5, 2007. On September 15, 2007, Defendants Roxanne

19  Fowler and Angel Bravo filed notice of non-opposition to

20  Plaintiff James's motion for leave to file a third amended

21  complaint. On September 14, 2007, Plaintiff James filed a reply

22  to the opposition.

23       The motions came on regularly for hearing on September 21,

24  2007, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M.

25  Snyder, United States Magistrate Judge. Charles Chapman appeared

26  on behalf of Plaintiff Bryce J. Moore; Matthew Clark appeared on

27  behalf of Plaintiff James W. Moore, Jr.; Michael Linden appeared

28  on behalf of Defndant Randall Holtz; and appearing telephonically

4

1    were Mark Nations on behalf of the County of Kern, Kern County

2    Sheriff's Department, and Sheriff Mack Wimbish; Louis D. Silver

3    on behalf of Defendant Daniel T. Lindini; William A. Bruce on

4    behalf of Defendants Angel L. Bravo and Roxanne Fowler; Karen

5    Newcomb on behalf of Defendants Jeff Colbert and Marcus Hudgins;

6    Nicholas Miller on behalf of Defendant Ralph Contreras; Oliver

7    Robinson on behalf of Defendants Shannon Haiungs, Larry Gene

8    Johnson, and Julian Trevino; Larry Peake on behalf of Defendants

9    Gregory Morgan, Clinton Minor, and Jaime Tellez. After argument

10   the matter was submitted to the Court.

11           II. <u>Plaintiff Bryce's Request to Consolidate New Action</u>

12        In the reply, Plaintiff Bryce notes that he has filed a

13   separate but related action against Defendants Jeff Colbert,

14   Marcus Hudgins, Marc Haiungs, County of Kern, and Kern County

15   Sheriff's Department, <u>Bryce J. Moore etc. v. County of Kern, et</u>

16   <u>al.,</u> 1:07-cv-1196-AWI-SMS. In that action Plaintiff Bryce seeks

17   to have Michelle Tripp be appointed guardian ad litem for

18   Plaintiff Bryce; the complaints states federal claims concerning

19   the August 15, 2005, incident that is the subject of the other

20   two pending actions, against the additional defendants on the

21   basis of their having been aware of the wrongful conduct of

22   others, failing to intervene to stop it, to report it, and

23   further because they conspired to assault the decedent and

24   conceal and cover up the wrongful conduct of others.

25        In the reply to the motion, Plaintiff Bryce sought to have

26   the new action consolidated with the present case.

27        This complaint was filed as Plaintiff Bryce to avoid the

28   running of the two-year statute of limitations on Plaintiff's

1  federal claims against newly named Defendants Colbert, Hudgins,

2  and Marc Haiungs.

3      The request to consolidate is not properly before the Court

4  and thus will not be considered, without prejudice to any future

5  formal application for consolidation.

6      III. Scheduling Pretrial, Trial, and Other Dates

7      Because state criminal trials of three of the Defendants are

8  pending and are anticipated to begin no sooner than and no later

9  than February, it is necessary to set new trial and pretrial

10 dates; the parties have stipulated to other dates by order dated

11 September 23, 2007.

12     The pretrial conference is set for June 20, 2008, at 8:30

13 a.m., before the Honorable Anthony W. Ishii, in Courtroom 2.

14     The jury trial is set for August 12, 2008.

15     IV. Timeliness and Sufficiency of the Motions to Amend

16         A. Amendment Date set by Judge Goldner in December 2005

17     With respect to both motions, Defendants Kern County, Kern

18 County Sheriff's Department, Sheriff Mack Wimbish, Mark Jimenez,

19 Moses Adame, Gregory Cossel, Julian Trevino, Larry Gene Johnson,

20 and Shannon Haiungs argue that because of the limit on filing

21 amended pleadings stated in a scheduling order issued by the

22 Magistrate Judge on December 20, 2005, Plaintiffs are required to

23 show good cause for modifying the scheduling order in connection

24 with their motions to amend.

25     The Court has reviewed the dockets and pertinent scheduling

26 orders. Although Judge Goldner once issued a scheduling order

27 that required the filing of a particular amended complaint, no

28 date was set generally for amendment of pleadings. The parties

1   have freely stipulated to amendments in the course of the

2   actions, and it is clear that any specific direction of Judge

3   Goldner has been superseded. Because no express amendment

4   deadline was scheduled, there is no necessity to amend the

5   scheduling order.

6          B. <u>Timeliness of Motion of Plaintiff James</u>

7          Further, because no party has objected, and because the two

8   motions are so closely related and raise parallel issues, the

9   Court exercises its discretion to consider the motion to amend

10  filed by Plaintiff James, which was actually filed a few days

11  after the deadline for filing non-dispositive motions.

12         V. <u>Motions to Amend</u>

13         Fed. R. Civ. P. 15(a) provides in pertinent part:

14         A party may amend the party's pleading once as a
           matter of course at any time before a responsive
15         pleading is served or, if the pleading is one to which
           no responsive pleading is permitted and the action has
16         not been placed upon the trial calendar, the party
           may so amend it at any time within 20 days after it
17         is served. Otherwise a party may amend the party's
           pleading only by leave of court or by written consent
18         of the adverse party; and leave shall be freely given
           when justice so requires. . . .
19

20  Although the rule is to be construed liberally, leave to amend is

21  not automatically granted. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d

22  1385, 1387 (9th Cir.1990). In determining whether the Court

23  should exercise its discretion to allow amendments, the following

24  factors should be considered: (1) whether the movant unduly

25  delayed seeking leave to amend, or acted in bad faith or with

26  dilatory motive; (2) whether the party opposing amendment would

27  be unduly prejudiced by the amendment; 3) whether there have been

28  repeated failures to cure, and (4) whether amendment would be

1  futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230
2  (1962). However, in the absence of any apparent or declared
3  reasons, such as undue delay, bad faith or dilatory motive on the
4  part of the movant, repeated failure to cure deficiencies by
5  amendments previously allowed, undue prejudice to the opposing
6  party, futility of agreement, and so forth, leave should be
7  freely given. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d
8  1048, 1052 (9th Cir. 2003).

9      The two motions pending before the Court are similar in most
10  respects. Both Plaintiffs seek to add a tenth claim for violation
11  of Cal. Civ. Code § 52.1, the Bane Civil Rights Act; convert the
12  prior sixth claim for negligence and negligent infliction of
13  emotional distress under California law to a simple sixth claim
14  for negligence only; and add as a Defendant Mark Haiungs, who has
15  not previously been named as a defendant in either of the
16  consolidated actions.

17      In addition, in his motion, Plaintiff Bryce J. Moore seeks
18  to add as defendants Jeff Colbert and Marcus Hudgins, who have
19  previously been named only in Plaintiff James W. Moore Jr.'s
20  action (lead action).

21      There is no opposition to the proposal to convert the sixth
22  claim to a simple negligence claim. The other aspects of the
23  motions are opposed.

24      VI. <u>Analysis</u>

25      The Court has considered the chronological development of
26  this case. Although Plaintiffs had some notice of the identity
27  and presence of the proposed additional defendants around the
28  time of the initial disclosures, information concerning the

nature and extent of their involvement that was largely in the control of the Defendants was revealed later in the discovery process. Plaintiffs' subsequent delay of several months in moving to amend has not been shown to be prejudicial.

With respect to futility, the Court rejects the arguments of Defendants Randall Holtz and Ralph Contreras, who oppose both motions (Docs. 133, 134) insofar as they seek to add a claim pursuant to Cal. Civ. Code § 52.1 on the grounds that the amendment would be futile because governing authority provides that Plaintiffs are not entitled to maintain a § 52.1 claim either on a wrongful death theory, as acknowledged by Plaintiffs, or on a survival action theory, which Plaintiffs now seek to allege.

Leave to amend may be denied where it would be futile, as where it would not be possible for the amending party to prevail on the merits. <u>Foman v. Davis</u>, 371 U.S. 178, (1962); <u>Smith v. Commanding Officer, Air Force Accounting</u> 555 F.2d 234, 235 (9th Cir. 1977).

Reference to the proposed complaints reveals that Plaintiffs seek to allege that Defendants' conduct constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Decedent of rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with decedent's rights to be secure in his person and free from the use of excessive force under the Fourth Amendment and Cal. Const. Art. 1 sec. 13 as well as Cal. Civ. Code § 43, and the right of protection from bodily restraint and

harm.

Cal. Civ. Code § 52.1(a) provides that specified public officers may bring actions in the name of the people for injunctive and equitable relief, as well as civil penalties, with respect to specified conduct:

> (a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state....

Cal. Civ. Code § 52.1(a). Section 52.1(b) provides for a remedy for individuals:

> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

The statute further provides:

> (g) An action brought pursuant to this section is independent of any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law, including, but not limited to, an action, remedy, or procedure brought pursuant to Section 51.7.

The statute provides remedies for misconduct that interferes with federal or state laws and that is accompanied by threats, intimidation, or coercion, whether or not state action is involved. Venegas v. County of Los Angeles, 32 Cal.4th 820, 843 (2004).

10

1    Both parties rely on <u>Bay Area Rapid Transit Dist. v.</u>

2  <u>Superior Court</u>, 38 Cal.App.4th 141, 144-5 (1995), where the court

3  held that the parents of a man shot and killed by a police

4  officer, who sought to recover damages for their son's wrongful

5  death and civil rights violations made actionable by Cal. Civ.

6  Code § 52.1, could not recover under the statute with respect to

7  the fourth cause of action, a claim brought pursuant to § 52.1 by

8  the parents seeking damages on their own behalf for violation of

9  their constitutional right to parent caused by the loss of

10  society and companionship occasioned by the Defendants' shooting

11  their son. The Court reasoned that because the statute provides a

12  remedy or personal claim only for the victim of the abusive

13  conduct, i.e., the persons who have themselves been the subject

14  of violence or threats, it does not provide for derivative

15  liability for the parents of a victim of a hate crime, or for any

16  other persons not present and not witnessing the actionable

17  conduct.

18    Plaintiff Bryce appears to be correct in interpreting the

19  published part of the case as rejecting the parents' attempt to

20  premise an action pursuant to § 52.1 (Bane Act) on the parents'

21  own constitutional rights (right to parent), as distinct from a

22  constitutional right of the decedent. The case does not appear to

23  hold that a parent may never recover pursuant to the Bane Act on

24  behalf of the decedent; indeed, two such claims (based on the

25  police officer's violating the decedent's rights to be free from

26  unreasonable search and seizure, discrimination on the basis of

27  race, and deprivation of life without due process) were held not

28  to be fairly reflected in the plaintiff's government tort claims,

11

and thus were not precluded by the decision as a potential basis of liability. See, Bay Area Rapid Transit District et al., 38 Cal.App.4th 141, 142-43. See also City of Simi Valley v. Supserior Court, 111 Cal.App.4th 1077, 1085 (2003) (holding that parents, whose son had committed "suicide by cop" by provoking police to use deadly force which caused his death, and who had asked to be able to speak with him before his death but were not allowed, could not proceed on a wrongful death claim pursuant to § 52.1 with an action based on their Fourth Amendment or substantive due process right involving the constitutionally protected interest of companionship with one's child; a finding in a federal suit that the officers' conduct was reasonable barred further actions premised on the decedent's Fourth Amendment rights, and the wrongful death/§ 52.1 action was precluded because § 52.1 was not a wrongful death provision, but only a statute that permitted an individual to sue where his or her rights are violated). Cases only suggesting an approach, such as Gaston v. Colio, 883 F.Supp. 508, 510 (S.D.Cal. 1995) and Rose v. City of Los Angeles, 814 F.Supp. 878, 883 (C.D.Cal. 1993), are not authoritative.

Cal. Civ. Proc. Code § 377.20(a) provides that except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period. See, Chavez v. Carpenter, 91 Cal.App.4th 1433, 1438 (2001). Cal. Civ. Proc. § 377.30 provides that a cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to provisions in

the Probate Code, and may be commenced by the decedent's personal

representative or, if none, by the decedent's successor in

interest. See, Estate of Lowrie, 118 Cal.App.4th 220, 228 n.8

(2004). At hearing, Defendants agreed that there are no pertinent

Probate Code provisions, and Defendants have not cited any

contrary statutory provisions that would preclude the claim.

    Unlike a wrongful death cause of action, a survival cause of

action is not a new cause of action that vests in heirs on the

death of the decedent, but rather is a separate and distinct

cause of action which belonged to the decedent before death but,

by statute, survives that event; the survival statutes do not

create a cause of action, but merely prevent abatement of a cause

of the injured person and provide for its enforcement by or

against the personal representative of the deceased. Grant v.

McAuliffe, 41 Cal.2d 859, 864 (1953); Quiroz v. Seventh Ave.

Cernter, 140 Cal.App.4th 1256, 1264-65 (2006). Although an heir

in a wrongful death action may recover damages in the nature of

compensation for personal injury to the heir, the damages

recoverable in wrongful death are expressly limited to those not

recoverable in a survival action under Cal. Civ. Proc. Code §

337.34. Quiroz, 140 Cal.App.4th at 1264. In a survival action,

damages recoverable by the personal representative or successor

in interest to the decedent are limited by statute to losses or

damage sustained by the decedent before death, but generally do

not include damages for pain, suffering, or disfigurement. Id. At

hearing, counsel explained that damages sought in this connection

would include the decedent's loss of wages during a short period

after the allegedly wrongful conduct of Defendants and before

1   decedent's death.

2      In summary, it is concluded that Defendants' opposition to

3   amendment to add an action under § 52.1 based on the lack of a

4   cause of action in the nature of a survival action is not well

5   taken, and that Plaintiffs, who sue as the decedent's successors

6   in interest, are merely continuing with the action that arose in

7   the decedent before his death, and are not seeking damages based

8   on their own constitutional rights. Accordingly, Defendants have

9   not established that the amendment would be futile.

10      Finally, with respect to prejudice, the possibility that

11   Defendants Jeff Colbert and Marcus Hudgins, who are already

12   Defendants in the action brought by Plaintiff James W. Moore,

13   Jr., but who are not named in Bryce's action, would be exposed to

14   greater, and potentially double, damages, is not the form of

15   prejudice material to the Court's determination. Prejudice may be

16   found where significant or extensive discovery is necessitated by

17   amendment under circumstances where the factual issue has already

18   been litigated or the litigation is radically shifted by the

19   amendment. Missouri Housing Development Commission v. Brice, 919

20   F.2d 1306, 1316 (8th Cir. 1990); Jackson v. Bank of Hawaii, 902

21   F.2d 1385, 1387 (9th Cir. 1990). However, the mere fact of some

22   additional discovery does not necessarily amount to the

23   substantial prejudice required for denying leave to amend where

24   no substantial delay would result. See, Morongo Band of Mission

25   Indians v. Rose, 893 F.2d 1074, 1079 (acknowledging the need for

26   an analysis of multiple factors); Owens v. Kaiser Foundation

27   Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

28      The Court finds that any additional discovery caused by the

1  amendment will be slight and will not cause any substantial delay

2  in view of the rescheduling of the case. Accordingly, there is no

3  prejudice that requires denial of the motion.

4      Finally, the Court reiterates that there is no active

5  opposition to Plaintiffs' attempt to convert the prior sixth

6  claim for negligence and negligent infliction of emotional

7  distress into a sixth claim for negligence only.

8      Thus, the Court will permit amendments to add a tenth cause

9  of action for violation of the Bane Civil Rights Act, California

10 Civ. Code § 52.1, in both actions; to add Defendants Jeff Colbert

11 and Marcus Hudgins to Plaintiff Bryce's action; to add Defendant

12 Marc Haiungs in both actions; and to convert the prior sixth

13 claim to a simple negligence claim in both actions.

14     VII. <u>Disposition</u>

15     Accordingly, it IS ORDERED that

16     1) The trial and pretrial dates in this action are

17 rescheduled as follows: pretrial conference, June 20, 2008, 8:30

18 a.m.; jury trial, August 12, 2008; and

19     2) The motion of Plaintiff Bryce J. Moore for leave to file

20 a first amended complaint IS GRANTED; and

21     3) The motion of Plaintiff James W. Moore for leave to file

22 a third amended complaint IS GRANTED; and

23     4) Plaintiffs SHALL FILE the amended complaints no later

24 than ten days after the date of this order; and

25 //

26 ///

27 ////

28 /////

1        5) Plaintiffs ARE DIRECTED to proceed diligently to serve

2    the newly added Defendants.

3

4    Dated: **September 23, 2007**

5

6                          By:  **/s/ Sandra M. Snyder**

7                            Sandra M. Snyder

8                            UNITED STATES MAGISTRATE JUDGE