FILED

AUG 2 5 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MOORE, JR., et al., | 1:05-cv-01115-AWI-SMS |
| Plaintiff, | Consolidated with: |
| v. | 1:06-cv-0120-OWW-SMS |
| COUNTY OF KERN, et al., | FINDINGS AND RECOMMENDATIONS RE: AMENDED PETITION FOR COMPROMISE |
| Defendants. | OF CLAIM OF MINOR PLAINTIFF BRYCE J. MOORE (Doc. 197) |
| AND RELATED CONSOLIDATED CASE AND CROSS-CLAIMS | |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

Pending before the Court is the petition of Michelle Tripp, guardian ad litem for the minor Plaintiff Bryce J. Moore (BJM), for approval of the compromise of the minor's claim, which came on came on regularly for hearing on August 14, 2009 at 9:30 a.m. in the courtroom of the undersigned Magistrate Judge. The guardian, as the person compromising the claim on behalf of the minor, and the minor attended the hearing. Further, Daniel Rodriguez appeared as counsel on behalf of Plaintiff. There were no appearances by any other parties.

1

1    The Court has reviewed the relevant portions of the file and
2  petition for compromise, which pursuant to Local Rule 17-
3  202(b)(2) should include the age and gender of the minor or
4  incompetent; the nature of the claims to be settled or
5  compromised; the facts and circumstances out of which the claims
6  arose, including the time, place, and persons involved; the
7  manner in which the compromise amount or other consideration was
8  determined; and additional information as is required to enable
9  the Court to determine the fairness of the settlement, such as
10  the nature, extent and permanence of the injury in a personal
11  injury case.

12    The petition adequately sets forth these matters.

13    Further, the Court has considered the minor's counsel's
14  disclosure of interest and the terms of counsel's compensation,
15  which have been disclosed as required by Local Rule 17-202(c).

16    At the hearing, the guardian was sworn and questioned by the
17  Court to ensure that the guardian understood each and every term
18  of the settlement agreement, was satisfied that the settlement
19  was fair to the child, and that the settlement was being entered
20  without any reservations whatsoever. The guardian was also
21  questioned concerning her preference of options presented in the
22  petition, and she testified that the first option, with a trust
23  for the purchase of a residence and an annuity, was better
24  because it would permit the minor to be raised in an improved
25  environment, and considering all economic factors, a house
26  appeared to constitute a good investment which would revert
27  directly to the minor's sole benefit upon his reaching age
28  eighteen. Finally, the guardian was questioned in detail and

2

1 testified that she understood her responsibilities as trustee
2 under the trust to be established for the purpose of a residence.

3     A district court has the power to make such orders as it
4 deems proper for the protection of an infant or incompetent. Fed.
5 R. Civ. P. 17(c). A claim by or against a minor or incompetent
6 person may not be settled or compromised without a court order by
7 the assigned judge who approves the settlement or compromise.
8 Local Rule 17-202. Federal Courts generally require that claims
9 by minors and incompetents be settled in accordance with
10 applicable state law. William W. Schwarzer, A. Wallace Tashima &
11 James M. Wagstaffe, California Practice Guide: Federal Civil
12 Procedure Before Trial § 15:138 (2009).

13     In California, court approval is required before a
14 settlement or compromise of the claim of a minor or incompetent
15 is enforceable. Cal. Prob. Code §§ 2504, 3500, 3600-12; Cal. Code
16 Civ. Proc. § 372; see also Robert I. Weil & Ira A. Brown, Jr.,
17 California Practice Guide: Civil Procedure Before Trial § 12.572
18 (2009). A petition for approval of a compromise or covenant not
19 to sue under Cal. Code Civ. Proc. § 372 must comply with Cal.
20 Rules of Court, Rules 7.950, 7.951, and 7.952. Cal. Rules of
21 Court, Rule 3.1384(a).

22     Cal. Rules of Court, Rule 7.950 generally requires that the
23 petition disclose all information that has any bearing upon the
24 reasonableness of the compromise or covenant, and that the
25 petition be verified by the petitioner. Here, the petitioner has
26 verified the petition.

27     The Court has reviewed the petition and finds that it
28 contains all the information required by Cal. Rules of Court,

3

1 Rule 7.950 concerning the minor, the circumstances of the action
2 and the settlement, the amounts of the settlement and the plan
3 for distribution thereof, the petitioner's status with respect to
4 the action.[1]

5     The Court has reviewed the petition and finds that it
6 contains all the information required by Cal. Rules of Court,
7 Rule 7.951 concerning counsel for the petitioner and the terms of
8 any agreement between the petitioner and the attorney. Further,
9 the guardian was questioned concerning the fees and costs, and
10 the guardian expressly confirmed her approval of the fees and
11 costs without reservation.

12     Defendants have offered Plaintiff BJM $3,025,000.00 in
13 consideration of a full and final release and discharge of and
14 from all claims of Plaintiff arising from the incidents in
15 question and against all parties. Considering all the
16 circumstances, the Court concludes that this sum is reasonable,
17 fair, and in the best interests of the minor.

18     Further, considering the circumstances of the minor and the
19 guardian's testimony, the Court finds that the first option,
20 containing a trust for the purchase of a home along with an
21 annuity, is fair and reasonable and is in the best interests of
22 the minor.[2]

23

24 [1] If the minor or incompetent is represented by an appointed
representative pursuant to appropriate state law, the settlement shall first
25 be approved by the state court having jurisdiction over the personal
representative unless the action is one in which the United States courts have
exclusive jurisdiction. Local Rule 17-202 (b)(1). Here, there is no indication
26 that the minor is represented by an appointed representative pursuant to
appropriate state law.

27 [2] The Court notes that at the hearing, counsel for Plaintiff stated what
the Court will consider to be an amendment to the petition, pursuant to which
28 the words "or mother" are added to page 30 (the Court's pagination) of Doc.

1    In California, attorney's fees, reasonable expenses, and
2   court costs to be paid out of settlement proceeds must be
3   approved by the court. Cal. Fam. Code § 6602; Cal. Prob. Code §
4   3601. The court generally employs a reasonable fee standard, and
5   the court may approve and allow fees under a contingency fee
6   agreement made in accordance with law, provided that the amount
7   of fees is reasonable under all the facts and circumstances. Cal.
8   Rules of Court, Rule 7.955.

9    Here, the amount of attorney's fees sought is twenty-five
10  per cent plus costs. Twenty-five percent of the full settlement
11  amount is $756,250.00. The costs appear in the original petition
12  (Doc. 194) as Exhibit D, and they amounted to $196,059.55. Total
13  fees and expenses amount to $952,309.55. However, Exhibit D was
14  omitted from the amended petition; accordingly, the Court deems
15  the itemization appearing in Exhibit D of the original petition,
16  Doc. 194, to be the required itemization of costs. Based on the
17  itemization and the guardian's testimony and demonstrated
18  familiarity with and approval of the costs, it is found that the
19  provision for costs is reasonable and fair.

20   When money or property is recovered on behalf of a minor or
21  incompetent person, the money or property will be 1) disbursed to
22  the representative pursuant to state law upon a showing that he
23  is the duly qualified representative under state law, 2)
24  disbursed otherwise pursuant to state law, or 3) disbursed
25  pursuant to such other order as the Court deems proper for the
26  protection of the minor or incompetent person. Local Rule 17-

27

28  197, Ex. B, Article Five, Administration on Death of Beneficiary, (1)(A)(3),
    after the word "issue."

5

1  202(e). In California, settlement proceeds not exceeding
2  $5,000.00 may be ordered to be paid to the custodial parent to be
3  held in trust until the minor reaches majority. Cal. Prob. Code
4  §§ 3611(e), 3401. Settlements of less than $20,000.00 may be
5  ordered held on conditions as the court in its discretion
6  determines to be in the best interest of the minor or incompetent
7  person. Cal. Prob. Code § 3611(d). In all other circumstances,
8  the proceeds must be paid to the guardian or conservator or be
9  deposited in a banking institution with withdrawals to be
10 approved by the court. Cal. Prob. Code §§ 3611, 3413.

11      All applications for orders authorizing interim
12 disbursements shall be heard by the appropriate state court judge
13 or by the assigned Magistrate Judge; if a state court hearing is
14 held regarding interim disbursements, a copy of the order shall
15 be filed with the Court with a copy to the Magistrate Judge and
16 shall be reviewed by the Magistrate Judge in accordance with
17 subsection (b)(1) of Local Rule 17-202. Local Rule 17-202(f).

18      After the money or other property is paid or delivered to a
19 settling parent, the parent may execute a full release and
20 satisfaction or a covenant not to sue or enforce judgment. Cal.
21 Probate Code § 3500.

22      Recommendation

23      Because the Court finds the settlement to be reasonable,
24 fair to all parties, and in the best interests of the minor, the
25 Court accordingly RECOMMENDS that

26      1) The terms of the settlement stated above, including costs
27 and attorney's fees, BE APPROVED by the district judge assigned
28 to the action; and

6

2) It BE ORDERED that Defendant, COUNTY OF KERN, and its insurer, shall pay the sum of $3,025,000.00 (hereinafter "settlement money") on behalf of all defendants, COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, former SHERIFF MACK WIMBISH, KERN COUNTY DETENTION OFFICERS GREG COSSEL, MOSES ADAME, MARK JIMENEZ, CLINTON MINOR, GREGORY MORGAN, SHANNON HAUINGS, LARRY JOHNSON, JULIAN TREVINO, LISA ROMERO, ANGEL BRAVO, ROXANNE FOWLER, RALPH CONTRERAS and DANIEL LINDINI, SENIOR DETENTION OFFICER JAIME TELLEZ, DETENTION SERGEANT RANDAL HOLTZ, and KERN COUNTY SHERIFF DEPUTIES JEFF COLBERT and MARCUS HUDGINS, in consideration of a full and final release and discharge of and from all claims, charges, and demands of plaintiff, BMJ, arising from this action. Petitioner is hereby authorized and directed to execute and deliver to defendants a full, complete, and final release and discharge of and from any and all claims and demands of herself and Plaintiff, BJM, by reason of the incident described herein and resulting injuries, upon receipt of the settlement money; and

3. It BE ORDERED that from the above stated settlement money, the defendants shall pay $1,600,000.00 for the purchase of a tax-free structured settlement annuity policy on behalf of plaintiff, BJM, with a guaranteed benefit of $3,473,156.00 and an expected benefit of $11,142,413.00, from New York Life Insurance Company through Richard L. Bishop, CSSC, RSP of Settlement Professionals, Inc. be paid for the purchase of an annuity. The defendants shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of their obligation to make periodic payments pursuant thereto in compliance with I.R.C.

1  Section 104(a)(2) and Section 130(c) of the Internal Revenue Code
2  of 1986, as amended.  Said assignment shall be made to New York
3  Life Insurance and Annuity Corporation ("Assignee"). Upon doing
4  so, the defendants will no longer be obligated to make further
5  periodic payments and the Assignee will be the plaintiff's sole
6  obligor with respect to the future periodic payments. Assignee
7  shall purchase a structured settlement annuity for $1,600,000.00
8  through New York Life Insurance Company, which is rated A++
9  (Superior) financial size XV, through A.M. Best. Said annuity
10  shall provide guaranteed periodic payments (subject to annuity
11  rates in effect at the time of purchase) made according to the
12  schedule found in the Structured Settlement Proposal attached
13  hereto as **Exhibit "A"**.

14      No part of the said $1,600,000.00 may be paid to the
15  petitioner, Michelle Tripp. This Court has determined that a
16  tax-free structured settlement is in the best interest of the
17  minor. BJM, by and through his guardian ad litem, Michelle Tripp,
18  is authorized to settle this claim on behalf of BJM and receive
19  and negotiate funds on behalf of the minor. No bond shall be
20  required of BJM, by and through his guardian ad litem, Michelle
21  Tripp. Receipt of purchase of annuity is to be filed with the
22  Court within sixty (60) days; and

23      4. It BE ORDERED that from the settlement money, the sum of
24  $952,309.55 shall immediately be paid to Rodriguez & Associates
25  for the payment of attorney fees, costs, and reasonable expenses
26  incurred in connection with the prosecution of this action; and

27      5. It BE ORDERED that the remaining balance of the
28  settlement money in the amount of $472,690.45 shall be placed in

8

1  THE BRYCE J. MOORE IRREVOCABLE TRUST, hereby approved of by this
2  Order, with petitioner, MICHELLE TRIPP as the trustee and
3  plaintiff, BJM, as the beneficiary, and that the trust res be
4  used towards the purchase of a primary single family dwelling on
5  behalf of BJM which will become an asset of the trust.
6  Petitioner, as trustee, will not be permitted to transfer, sell,
7  or encumber said property, and transfer of title of said property
8  shall pass to BJM from the Trust, upon his attainment of the age
9  of eighteen (18). This Trust will be revocable when the minor
10 attains the age of eighteen (18), and contains all other terms
11 and conditions determined to be necessary to protect the minor's
12 interest, as more fully described in the trust documents attached
13 hereto as **Exhibit "B."**

14      This report and recommendation is submitted to the United
15 States District Court Judge assigned to the case, pursuant to the
16 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
17 Local Rules of Practice for the United States District Court,
18 Eastern District of California. Within ten (10) court days after
19 being served with a copy, any party may file written objections
20 with the Court and serve a copy on all parties. Such a document
21 should be captioned "Objections to Magistrate Judge's Findings
22 and Recommendations." Replies to the objections shall be served
23 and filed within ten (10) court days (plus three days if served
24 by mail) after service of the objections. The Court will then
25 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
26 (b)(1)(C). The parties are advised that failure to file
27 objections within the specified time may waive the right to
28 appeal the District Court's order. Martinez v. Ylst, 951 F.2d

9

1 | 1153 (9th Cir. 1991).

2 |      IT IS SO ORDERED.

3 |

4 | DATED: _August 25, 2009_     _____

5 |                       SANDRA M. SNYDER

                      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 'A'



**New York Life Insurance Company**
Structured Settlement Proposal
51 Madison Avenue
New York, NY 10010

## Quote Illustration for: Bryce Moore - $1.6 Million

| Owner State : | Delaware (0.00% tax) | | | | Quote Date : | 06/08/2009 |
| Rate Series : | NY13 | | | | Purchase Date : | 08/21/2009 |
| Rates Effective : | 03/26/2009 | | | | Hypothetical Quote | |

| Payments For: Bryce Moore | | | | Male, Date of Birth: 01/20/2004 | Age: 6 |

| Benefit Type | Amount | Mode | Benefit Period | Incr % | Premium Incl 0.00% Tax |
|---|---|---|---|---|---|
| Period Certain | $2,000.00 | Monthly | 10/01/2009 - 08/01/2022 (12 yrs 11 mos guaranteed) | | $242,230.00 |
| Life with Certain | $4,055.89 | Monthly | 09/01/2027 - for Life (20 yrs guaranteed) | 3.50% | $782,511.00 |
| Period Certain | $100,000.00 | Annually | 09/01/2022 - 09/01/2026 (5 yrs guaranteed) | | $242,100.00 |

| Lump Sums | Amount | Age | Payment Date | | Premium Incl 0.00% Tax |
|---|---|---|---|---|---|
| Lump Sum Guaranteed | $250,000.00 | 25 | 01/20/2029 | | $98,987.50 |
| Lump Sum Guaranteed | $350,000.00 | 30 | 01/20/2034 | | $109,242.00 |
| Lump Sum Guaranteed | $500,000.00 | 35 | 01/20/2039 | | $124,180.00 |

Subtotal For : Bryce Moore ................................................................................................................ $1,599,250.50

| SUMMARY INFORMATION | |
|---|---|
| ANNUITY COST................................................................................................................ | $1,599,250.50 |
| Assignment Fee ................................................................................................................ | $750.00 |
| TOTAL ANNUITY COST W/ FEES ................................................................................ | $1,600,000.50 |

# EXHIBIT "A"

* *The interest rate on which this illustration is based is subject to change. Application to purchase these benefits must be communicated to New York Life Insurance Company within 7 calendar days of the quote date or rate change announcement for these rates to apply.*

* *This illustration is for informational purposes only. It is not part of a policy nor does it constitute a contract. New York Life Insurance Company will not be bound by an improper quote. The company is not required to issue a contract based on this illustration.*

Quote ID: Bryce Moore - $1.6 Million
Prepared by: James A. Mills
Jun 8, 2009
Page 1 of 1
New York Life Insurance Company
Version 2.00

**Settlement Professionals, Inc.**
4984 El Camino Real
Suite 210
Los Altos, California 94022
(800)541-7435

## Settlement Proposal for:  Bryce Moore - $1.6 Million

| Owner State : | Delaware  (0.00% tax) | | Quote Date : | 06/08/2009 |
|---|---|---|---|---|
| Rate Series : | NY13 | | Purchase Date : | 08/21/2009 |
| Rates Effective : | 03/26/2009 | | Hypothetical Quote | |

| For : Bryce Moore | Male, Date of Birth: 01/20/2004 | Age: 6 |
|---|---|---|

| Benefit Description | Guaranteed Benefit | Expected Benefit | Cost | IRR |
|---|---|---|---|---|
| Period Certain Annuity - $2,000.00 payable monthly, guaranteed for 12 year(s) and 11 month(s),  beginning on 10/01/2009, with the last guaranteed payment on 08/01/2022. | $310,000 | $310,000 | $242,230.00 | 4.02% over 13 year(s) |
| Life with Certain Annuity - $4,055.89 for life, payable monthly , guaranteed for 20 year(s),  beginning on 09/01/2027, increasing at a rate of 3.50% compounded annually, with the last guaranteed payment on 08/01/2047. | $1,376,391 | $8,129,331 | $782,511.00 | 4.94% over 74 year(s) |
| Period Certain Annuity - $100,000.00 payable annually, guaranteed for 5 year(s),  beginning on 09/01/2022, with the last guaranteed payment on 09/01/2026. | $500,000 | $500,000 | $242,100.00 | 4.96% over 18 year(s) |
| Guaranteed Lump Sum - $250,000.00 paid as a lump sum on 01/20/2029 guaranteed. | $250,000 | $250,000 | $98,987.50 | 4.89% over 20 year(s) |
| Guaranteed Lump Sum - $350,000.00 paid as a lump sum on 01/20/2034 guaranteed. | $350,000 | $350,000 | $109,242.00 | 4.88% over 25 year(s) |
| Guaranteed Lump Sum - $500,000.00 paid as a lump sum on 01/20/2039 guaranteed. | $500,000 | $500,000 | $124,180.00 | 4.85% over 30 year(s) |
| Subtotal For :  Bryce Moore ...................................................... | $3,286,391 | $10,039,331 | $1,599,250.50 | 4.90% |

### SUMMARY INFORMATION

| | Guaranteed Benefit | Expected Benefit | Cost | IRR |
|---|---|---|---|---|
| ANNUITY COST............................................................ | | | $1,599,250.50 | |
| Assignment Fee ..................................................... | | | $750.00 | |
| TOTAL ANNUITY COST W/ FEES ..................................... | $3,286,391 | $10,039,331 | $1,600,000.50 | 4.90% |

*Rates subject to change.*

*Any life cantingent Expected Benefit or IRR calculations are illustrated assuming a normal life expectancy.  The annuitant's life expectancy may be shorter than the expected life span of an average person of the same age and gender due to heath and other mortality issues specific to the annuitant.*

Quote ID: Bryce Moore - $1.6 Million
Prepared by: James A. Mills
Jun 8, 2009
Page 1 of 1
Settlement Professionals, Inc.
Version 2.00

# EXHIBIT 'B'

## THE BRYCE J. MOORE IRREVOCABLE TRUST
### Dated June __, 2009

Whereas BRYCE J. MOORE is a five year old minor who through his mother and guardian ad litem, MICHELLE TRIPP, will receive a total of $2,072,690.45 after attorney's fees pursuant to settlement of that certain lawsuit in the United States District Court, Eastern District of California, *Bryce J. Moore v. County of Kern, Kern County Sheriff's Department, et. al.*, Case No. CIV F 05 01115 AWI SMS (the "Lawsuit").

Whereas, the Lawsuit involves claims under federal and state law arising out of the beating death of BRYCE J. MOORE's father, JAMES W. MOORE, on August 15 and 16, 2005 by the Kern County Sheriff's Department.

Whereas, JAMES W. MOORE was thirty years old when he died, and he was living with his son BRYCE J. MOORE and his fiancée, MICHELLE TRIPP.

Whereas, JAMES W. MOORE was the sole means of support for BRYCE J. MOORE.

Whereas, $1,600,000.50 of the total settlement of $2,072,690.45 will be used to purchase a tax-free structured settlement annuity on behalf of BRYCE J. MOORE with a guaranteed benefit of $3,286,391.00 and an expected benefit of $10,039,331.00.

Whereas, JAMES W. MOORE and his mother MICHELLE TRIPP currently rent a small home (856 sq. ft.), 2140 Kentucky, Bakersfield, California, 93305, in a depressed Bakersfield neighborhood.

Whereas, it would be in the best interest of BRYCE J. MOORE if he was raised in a bigger home in a thriving neighborhood with access to better public schools for his education.

Whereas, the balance of the settlement, $472,689.95, shall be placed in this Trust , THE BRYCE J. MOORE IRREVOCABLE TRUST, dated June __, 2009, for the purpose of purchasing a primary single family dwelling (the "Home") on behalf of BRYCE J. MOORE which will be transferred from the Trust to him when he attains the age of eighteen (18).

Whereas, MICHELLE TRIPP will be the Trustee of this Trust, and BRYCE J. MOORE will be the current sole beneficiary of the Trust.

Whereas, a portion of the $472,689.95 will be used to pay the property taxes and insurance *in advance* on said HOME through January 20, 2022 when BRYCE J. MOORE attains the age of eighteen (18).

1

WHEREFORE, THE BRYCE J. MOORE IRREVOCABLE TRUST, dated June __, 2009, is hereby established as follows:

## ARTICLE ONE
### Creation of Trust

Section 1:  Establishment of Trust

*Establishment of Trust.*  This Trust is established as a trust for the sole benefit of BRYCE J. MOORE, a minor, born January 20, 2004, and residing in Bakersfield, California.

Section 2:  Trust Property, Court  Supervision, Initial Trustee

*Trust Property.* This Trust is established for the specific purpose of receipt of settlement proceeds awarded for the benefit of BRYCE J. MOORE and the subsequent purchase of a primary single family dwelling (the "Home"). The initial funding of this trust is $472,689.95 (the "Settlement Assets") representing a portion of the total proceeds, $2,072,690.45,  from the settlement of that certain lawsuit in the United States District Court, Eastern District of California, *Bryce J. Moore v. County of Kern, Kern County Sheriff's Department, et. al.*, Case No. CIV F 05 01115 AWI SMS (the "Lawsuit").

*Court  Supervision.*  The United States District Court, Eastern District of California, in its order dated June __, 2009, authorized the establishment of the Trust. The Court directed that in place of direct delivery of the Settlement Assets to BRYCE J. MOORE, the Settlement Assets were instead to be delivered to MICHELLE TRIPP in her role as Trustee of the Trust.  The Court also directed that the Trust is subject to the continuing jurisdiction of this Court or a supervising Court of competent jurisdiction.

*Initial Trustee.* The United States District Court, Eastern District of California (the "Court"), in its order dated June __, 2009, further directed MICHELLE TRIPP to serve as the initial Trustee and authorized MICHELLE TRIPP to execute the Trust agreement. MICHELLE TRIPP is the initial Trustee of the Trust. The term "Trustee" refers to the initial Trustee or any successor trustee.  All references to "Trustee" shall refer to the initial Trustee or Trustees, or their successor or successors in trust.

Section 3:  Beneficiary of Trust

*Beneficiary.* The sole life beneficiary of THE BRYCE J. MOORE TRUST is BRYCE J. MOORE, who will be referred to as the "Beneficiary" in this document.

2

Section 4.  Name of Trust

*Name of Trust.* For convenience, this Trust shall be known as: THE BRYCE J. MOORE IRREVOCABLE TRUST, dated June __, 2009.

Section 5.. Irrevocability of Trust

*Irrevocability of Trust.*  This Trust shall be irrevocable and not subject to amendment except on application of any interested party with the approval of the Court; provided, however, that any such amendment shall be consistent with, and in furtherance of, the purpose and intent of this Trust, and no amendment shall change the duties and obligations of the Trustee without her prior written consent.

Under no circumstances does the Beneficiary or the Trustee have the legal authority to revoke the Trust.  The Beneficiary and the Trustee have no such right to revoke this Trust under its express terms and also have no such right implied by law because:

(1)  There are remainder beneficiaries if the Beneficiary passes away before attaining the age  of 18 and therefore under California law may not revoke this Trust as sole beneficiary;

(2)  Continuation of this Trust is necessary to carry out a material purpose of this Trust even if the Beneficiary were sole beneficiary and attempted to revoke it; and

(3)  This Trust is subject to a restraint on transfer (spendthrift provision) of the Beneficiary's interest as provided by Probate Code §§15300-15301 and, for this additional reason, may not be revoked.

## ARTICLE TWO
## Funding and Purpose of the Trust

Section 1.  Initial Funding

The funding of this trust shall be from the proceeds of the settlement of the Beneficiary's claims against Kern County Sheriff's Department who beat the Beneficiary's father, JAMES W. MOORE, to death on August 15 and 16, 2005, which settlement was reached without litigation. The initial funding of this trust is $472,689.95 (the "Settlement Assets") representing a portion of the total proceeds, $2,072,690.45, from the settlement of that certain lawsuit in the United States District Court, Eastern District of California, *Bryce J. Moore v. County of Kern, Kern County Sheriff's Department, et. al.*, Case No. CIV F 05 01115 AWI SMS (the "Lawsuit").

3

Section 2. Trust Purpose

*Trust purpose.* The purpose of this trust is to purchase a primary single family dwelling (the "Home") on behalf of BRYCE J. MOORE which will be transferred from the Trust to him when he attains the age of eighteen (18).

## ARTICLE THREE
### Distributions

Section 1. Purchase Home

*Distribution to Purchase Home.* Immediately upon receipt of the Settlement Assets, Trustee will open an interest bearing savings account in the name of the Trust and will deposit the Settlement Assets in said account. Then, within a reasonable period of time following receipt of the Settlement Assets and not to exceed six months, Trustee will purchase a Home in the name of this Trust reserving enough of the proceeds to pay the property taxes and insurance associated with the Home *in advance* through January 20, 2022. The Trustee should select a Home in a thriving neighborhood with access to good public schools. The Trustee should select a Home with positive investment attributes.

Section 2. Advance Payment of Property Taxes & Insurance on Home

*Distribution to Prepay Property Taxes and Insurance on Home.* Through the escrow opened to purchase the Home, the Trustee will prepay the insurance and the property taxes associated with said Home through January 20, 2022, the age when the Beneficiary attains the age of 18.

Section 3. Distribution of Remaining Proceeds

The Trustee should have very little Settlement Assets remaining after the purchase of the Home and the advance payment of the property taxes and insurance. Any remaining monies shall be held in the Trust in an interest bearing account and said monies shall be distributed for the repair and maintenance of said Home.

Section 4. Distribute Home to Minor When He Attains the Age of 18

*Distribution at Age 18.* When the Beneficiary attains the age of 18, this Trust shall terminate, and the Trustee shall distribute the Home, and the entire undistributed balance of the Trust, to the Beneficiary outright.

4

## ARTICLE FOUR
## Trustee Provisions

Section 1.   Trustee Provisions

*Initial Trustee.* MICHELLE TRIPP shall serve as the initial trustee of this Trust. The term, "Trustee" herein refers to the initial trustee and to any successor trustee or co-trustee.

*Successor Trustees.* If for any reason MICHELLE TRIPP ceases to act as Trustee, then a successor trustee shall be appointed pursuant to this Instrument.

In the event that a Trustee is also serving in any other fiduciary capacity on behalf of Beneficiary, those activities shall be independent from any actions taken with regard to this trust instrument.

*Powers and Liabilities of Successor Trustee.* Any successor Trustee shall have all rights, powers, and privileges, and be subject to all obligations and duties, both discretionary and ministerial, as given to the original Trustee. A successor Trustee shall be subject to any restrictions imposed on any preceding Trustee. No successor Trustee shall be required to examine the accounts, records, and acts of any previous Trustees. No successor Trustee shall in any way be responsible for any act or omission to act on the part of any previous Trustee.

Section 2.  Certificate of Trust

Third parties dealing with a Trustee may rely on a certificate of trust as proof of the authority of the Trustee, and such third parties are released and held harmless from all claims arising under this trust for so relying.

Section 3.  Resignation of Trustee

Any Trustee may resign by giving 30 days written notice to this Court or a supervising Court of competent jurisdiction. Resignation of the Trustee shall be effective on confirmation by this Court or a supervising Court of competent jurisdiction.

Section 4.  Removal of Trustee

Any interested person may petition the Supervising Court for removal of any Trustee with or without cause. The Court shall confirm the removal of the Trustee and the nomination of a Successor Trustee.

Notice of removal shall be effective when made in writing by either personal

5

delivery to the Trustee with written acknowledgment of receipt, by certified or registered United States mail, return receipt requested, or sent by recognized overnight delivery service, return receipt requested, to the last known address of the Trustee. The removal of the Trustee shall not be effective unless and until a replacement Trustee has been appointed.

## Section 5.  Replacement of Trustee

Whenever a Trustee is removed, dies, resigns, becomes legally incapacitated, or is otherwise unable or unwilling to serve, that Trustee shall be replaced by a successor appointed upon Petition to the supervising Court by either the Trustee himself or the guardian or legal representative of the Beneficiary, if any. In the event the Trustee, guardian or legal representative of the Beneficiary is unable to select a successor Trustee, then a Court of competent jurisdiction shall designate the successor Trustee. The replacement of a trustee shall be confirmed by a Court of competent jurisdiction.

## ARTICLE FIVE
## Administration on Death of Beneficiary

## Section 1.  Remainder Beneficiaries

This Trust shall terminate when the Beneficiary attains the age of 18 or earlier upon the death of the Beneficiary. If the Beneficiary passes away prior to attaining the age of 18, the trust assets shall be distributed as follows:

A.     Special (or Limited) Power of Appointment

*Special (limited) power of appointment.* The Trustee shall distribute the undistributed balance of the trust estate as the Beneficiary may direct by exercise of a special (or limited) power of appointment to any one or more persons or entities, or trusts for their benefit, other than the Beneficiary, the Beneficiary's estate, the Beneficiary's creditors, or creditors of the Beneficiary's estate. This special power of appointment shall be exercised as the Beneficiary appoints by will or codicil specifically referring to and exercising such power of appointment unless within 30 days after the Beneficiary's death, the Trustee has actual notice of the existence of a will or codicil exercising such special power of appointment (whether or not the document has been filed or admitted to probate), the Trustee shall, without incurring any liability to any appointee, proceed as if the power had not been exercised. This clause shall not, however, bar any right of any appointee to enforce the appointment.

Any part of the trust estate with respect to which the Beneficiary has not

6

exercised this special power of appointment shall be distributed as follows:

      1.    If the Beneficiary leaves a spouse or issue who are then living, to the Beneficiary's living spouse and issue, per capita at each generation;

      2.    If the Beneficiary leaves no spouse or issue who are then living, then to MICHELLE TRIPP, his mother;

      3.    If the Beneficiary leaves no spouse, issue, or mother who are then living, then to his step-brother, JAMES W. MOORE, JR.;

      4.    If there are no then living individuals willing and able to accept distribution, then to the Beneficiary's heirs at law. The identity of the heirs shall be determined according to the laws of succession of the State of California then in force relating to the succession of separate property not received from the separate property of a predeceased spouse. The determination of the identity and respective shares of such legal heirs shall be made by the Trustee in accordance with Probate Code §§6400-6455, in the Trustee's sole judgment and discretion, and shall be conclusive on all such heirs and other persons interested in this trust, and the Trustee shall not be liable for any errors or omissions in making such determination.

      B.    <u>Distribution of Assets Not Appointed.</u>  Any part of the trust estate with respect to which the Beneficiary has not exercised this special power of appointment shall be distributed as follows:

      1.    If the Beneficiary leaves a spouse or issue who are then living, to the Beneficiary's living spouse and issue, per capita at each generation;

      2.    If the Beneficiary leaves no spouse or issue who are then living, then to MICHELLE TRIPP, his mother;

      3.    If the Beneficiary leaves no spouse, issue, or mother who are then living, then to his step-brother, JAMES W. MOORE, JR.;

      4.    If there are no then living individuals willing and able to accept distribution, then to the Beneficiary's heirs at law. The identity of the heirs shall be determined according to the laws of succession of the State of California then in force relating to the succession of separate property not received from the separate property of a predeceased spouse. The determination of the identity and respective shares of such legal heirs shall be made by the Trustee in accordance with Probate Code §§6400-6455, in the Trustee's sole judgment and discretion, and shall be conclusive on all such heirs and other persons interested in this trust, and the Trustee shall not be liable for any errors or omissions in making such determination.

C.   *Remainder Beneficiaries under a Disability.* Provided, however, the Trustee in lieu of making direct distributions to a remainder beneficiary under a disability, including payments to a minor (including a distributee under the age of 21), the Trustee may instead, in the Trustee's discretion, make payment:

   1.   To a guardian of the distributee;

   2.   To a conservator of the distributee's person;

   3.   To any suitable person with whom the distributee resides, or to any third party for the benefit of the distributee;

   4.   To a Special Needs Trust for the benefit of the distributee under a disability;

   5.   To a custodian for the distributee under the Uniform Transfers to Minors Act, with the time for transfer to the minor distributee delayed to a time not later than the time the minor attains the age of 25 and the exact age being determined in the discretion of the trustee. Either parent of the distributee is nominated as such custodian.

## ARTICLE SIX
### Trustee Powers

Section 1. Introduction to Powers of Trustee

   *Introduction to Powers of Trustee.*  Except as otherwise provided in this agreement or modified by Court  order, the Trustee shall have the administrative and investment powers enumerated under this Article and all powers now conferred on trustees by California law and any additional powers conferred by future California legislation. These powers may be exercised without regard to any current or future limitations or insurance or collateralization requirements that would apply in the absence of express authorization in the trust document. The enumeration of certain powers of the Trustee shall not limit the Trustee's general or implied powers.

Section 2. Reliance by Third Parties

   *Reliance by Third Parties.*  On presentation by the Trustee of this Article of the Trust and a separate Certificate of Trust stating the name and address of the Trustee, affirming that the Trust is in full force and effect, and containing any pertinent provisions of the Trust, all third parties shall rely on this transfer and follow all of the Trustee's

instructions without risk of incurring any liability to the Trustee or the Beneficiary.

Section 3.  Investment Powers

*Investment standard.*  Except as authorized by Court  order, the Trustee shall have the power to invest trust funds without authorization of the court as set forth in Probate Code §2574. The Trustee, without authorization of the court, may invest funds in:

A.      Direct obligations of the United States, or of the State of California, maturing not later than 5 years from the date of making the investment.

B.      United States Treasury bonds redeemable at par value on the death of the holder for payment of federal estate taxes, regardless of maturity date.

C.      Securities listed on an established stock or bond exchange in the United States that are purchased on such exchange.

D.      Eligible securities for the investment of surplus state moneys as provided for in Government Code §16430.

E.      An interest in a money market mutual fund registered under the Investment Company Act of 1940 (15 United States Code §80 a-1 through a-64 or an investment vehicle authorized for the collective investment of trust funds pursuant to §9.18 of Part 9 of Title 12 of the Code of Federal Regulations, the portfolios of which are limited to United States government obligations maturing not later than 5 years from the date of investment and to repurchase agreements fully collateralized by United States government obligations.

F.      Units of a common trust fund described in Financial Code §1564. The common trust fund shall have as its objective investment primarily in short-term fixed income obligations and shall be permitted to value investments at cost pursuant to regulations of the appropriate regulatory authority.

G.      Mutual funds, held and traded in the United States.

H.      Direct obligations of the United States, or of the State of California, maturing later than 5 years from the date of making the investment.

Nothing in this section limits the authority of the Trustee to seek Court authorization for any investment, or to make other investments with Court authorization.

Section 4.  Authority to Purchase Residence

*Authority to purchase residence.*  The purpose of this Trust is to purchase a primary single family dwelling (the "Home") in the name of the Trust on behalf of BRYCE J. MOORE which will be transferred from the Trust to him when he attains the age of eighteen (18).  Therefore, the Trustee is specifically authorized to purchase and maintain as a trust asset a Home for the Beneficiary.

Section 5.  No Authority To Transfer, Sell, Or Encumber Real Property

*No Authority to Transfer, Sell or Encumber Real Property.*  The Trustee is NOT authorized to transfer, sell or encumber the Home absent approval by this Court or a Court of competent jurisdiction.

## ARTICLE SEVEN
## General Matters and Instructions Regarding Trusteeship

Section 1.  Bond

*Bond.*  The Trustee shall be required to furnish a bond in the amount required by Probate Code §§2320-2335 for the faithful performance of its duties.  However, once the Home is purchased and the property taxes and insurance are paid in advance and proof of same has been provided to the Court, no bond shall be required of the Trustee.

Section 2. Spendthrift

*Spendthrift provision.* No interest in the principal or income of this Trust may be anticipated, assigned, encumbered, or subject to any creditor's claim or to legal process before actual receipt by the Beneficiary.

Section 3. Responsibility to Disclose Purchase of Home, Property Taxes, and Insurance to Court

Within 30 days following the close of escrow on the Home, the Trustee must deliver to the Court proof of the purchase (grant deed, escrow closing statement showing proof of payment of property taxes and insurance, etc.) of the Home and advance payment of the property taxes and insurance on said Home through January 20, 2022.

Section 4. Responsibility to Maintain Trust Books and Records

The Trustee shall maintain books and records for the Trust that includes

10

documentation supporting all receipts, disbursements, and distributions of the Trust property. Trust books and records and all Trust documentation shall be available and open at all reasonable times to the inspection by the Beneficiary and his representatives.

## Section 5. Accounting to Court

*Accounting to the Court.* Since almost of all the Settlement Assets shall be spent for the purchase of the Home and the advance payment of property taxes and insurance, no periodic accountings to the Court shall be required. However, if the Court requests an accounting or if any interested party petitions the Court for an accounting, the Trustee shall provide an Account and Report for Court approval when required by Court order.

## Section 6. Trustee and Attorney Fees

*Compensation of trustee and attorney.* The Trustee and the attorney for the Trustee are entitled to reasonable compensation for services rendered. The amount of compensation shall be an amount equal to the customary and prevailing charges for services of a similar nature during the same period of time and in the same geographic locale. The compensation of the Trustee and the attorney for the Trustee must be fixed and allowed by the supervising Court.

## Section 7. Choice of Law

*Choice of Law.* All rights and duties under this Trust shall be governed by the laws of the State of California. These include, but are not limited to, the jurisdiction of the Superior Court over proceedings involving trusts.

## Section 8. Severability

*Severability.* Should any provision of this Trust be or become invalid or unenforceable, the remaining provisions shall be and continue to be fully effective.

## Section 9. Gender and Number

*Gender and Number.* In all matters of interpretation of this instrument, whenever necessary to give effect to any provision of this instrument, the masculine shall include the feminine and neuter, and vice versa, the singular shall include the plural, and the plural shall include the singular.

## Section 10. Perpetuities Savings Clause

*Perpetuities Savings Clause.* Unless terminated earlier in accordance with other provisions of this instrument, all trusts created under this instrument shall terminate 21 years after the death of the Beneficiary, BRYCE J. MOORE. The principal and undistributed income of a terminated trust shall be distributed to the income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates.

///
///
///
///
///
///
///
///
///
///

Section 11.  Duplicate Originals

*Duplicate Originals.* This agreement may be executed in several counterparts; each counterpart shall be considered a duplicate original agreement.

_____
MICHELLE TRIPP,
Guardian Ad Litem for
BRYCE J. MOORE, a minor

_____
MICHELLE TRIPP
Trustee for
THE BRYCE J. MOORE IRREVOCABLE TRUST,
Dated June ___, 2009

12

13