UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MOORE, JR., et al., | ) 1:05-cv-01115-AWI-SMS |
| Plaintiff, | ) Consolidated with: |
| v. | ) 1:06-cv-0120-OWW-SMS |
| COUNTY OF KERN, et al., | ) ORDER RE: FINDINGS AND |
| | ) RECOMMENDATIONS RE: AMENDED |
| Defendants. | ) PETITION FOR COMPROMISE OF CLAIM |
| | ) OF MINOR PLAINTIFF BRYCE J. MOORE |
| AND RELATED CONSOLIDATED CASE | ) (Docs. 197, 218) |
| AND CROSS-CLAIMS | ) |

Plaintiffs are proceeding with a civil action in this Court. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

On August 25, 2009, the Magistrate Judge filed findings and a recommendation that the District Judge approve the settlement set forth in the amended petition of Michelle Tripp, guardian ad litem for the minor Plaintiff Bryce J. Moore (BJM), filed on June 30, 2009, and enter various orders relating to the effectuation of the settlement. The findings and recommendation were served on all parties on August 25, 2009, and contained notice that any objections to the findings and recommendations were to be filed within ten (10) days of the date of service of the order. On

1  September 2, 2009, an order setting a deadline for filing
2  objections of September 9, 2009, was filed and served on the
3  parties. The time for filing objections has passed, but no party
4  has filed any objections; statements of non-opposition have been
5  filed by Defendants Roxanne Fowler, Angel Lopez Bravo, Mark
6  Jimenez, County of Kern, County of Kern Sheriff's Department,
7  Mack Wimbish, and Moses Adame.
8      In accordance with the provisions of 28 U.S.C. § 636
9  (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d
10 452, 454 (9th Cir. 1983), this Court has conducted a de novo
11 review of the case. Having carefully reviewed the entire file,
12 the Court finds that the report and recommendation are supported
13 by the record and proper analysis.
14
15      Accordingly, IT IS HEREBY ORDERED that:
16      1) The findings and recommendations filed August 25, 2009,
17 are ADOPTED IN FULL;
18      2) The terms of the settlement stated in the findings and
19 recommendations, including costs and attorney's fees, ARE
20 APPROVED;
21      3) It IS ORDERED that Defendant, COUNTY OF KERN, and its
22 insurer, shall pay the sum of $3,025,000.00 (hereinafter
23 "settlement money") on behalf of all defendants, COUNTY OF KERN,
24 KERN COUNTY SHERIFF'S DEPARTMENT, former SHERIFF MACK WIMBISH,
25 KERN COUNTY DETENTION OFFICERS GREG COSSEL, MOSES ADAME, MARK
26 JIMENEZ, CLINTON MINOR, GREGORY MORGAN, SHANNON HAUINGS, LARRY
27 JOHNSON, JULIAN TREVINO, LISA ROMERO, ANGEL BRAVO, ROXANNE
28 FOWLER, RALPH CONTRERAS and DANIEL LINDINI, SENIOR DETENTION

1 OFFICER JAIME TELLEZ, DETENTION SERGEANT RANDAL HOLTZ, and KERN
2 COUNTY SHERIFF DEPUTIES JEFF COLBERT and MARCUS HUDGINS, in
3 consideration of a full and final release and discharge of and
4 from all claims, charges, and demands of plaintiff, BMJ, arising
5 from this action. Petitioner is hereby authorized and directed to
6 execute and deliver to defendants a full, complete, and final
7 release and discharge of and from any and all claims and demands
8 of herself and Plaintiff, BJM, by reason of the incident
9 described herein and resulting injuries, upon receipt of the
10 settlement money;

11     4) It IS ORDERED that from the above stated settlement
12 money, the defendants shall pay $1,600,000.00 for the purchase of
13 a tax-free structured settlement annuity policy on behalf of
14 plaintiff, BJM, with a guaranteed benefit of $3,473,156.00 and an
15 expected benefit of $11,142,413.00, from New York Life Insurance
16 Company through Richard L. Bishop, CSSC, RSP of Settlement
17 Professionals, Inc. be paid for the purchase of an annuity. The
18 defendants shall execute a Settlement Agreement and Release and
19 execute a "Qualified Assignment" of their obligation to make
20 periodic payments pursuant thereto in compliance with I.R.C.
21 Section 104(a)(2) and Section 130(c) of the Internal Revenue Code
22 of 1986, as amended. Said assignment shall be made to New York
23 Life Insurance and Annuity Corporation ("Assignee"). Upon doing
24 so, the defendants will no longer be obligated to make further
25 periodic payments and the Assignee will be the plaintiff's sole
26 obligor with respect to the future periodic payments. Assignee
27 shall purchase a structured settlement annuity for $1,600,000.00
28 through New York Life Insurance Company, which is rated A++

(Superior) financial size XV, through A.M. Best. Said annuity shall provide guaranteed periodic payments (subject to annuity rates in effect at the time of purchase) made according to the schedule found in the Structured Settlement Proposal attached to the findings and recommendation as **Exhibit "A"**.

No part of the said $1,600,000.00 may be paid to the petitioner, Michelle Tripp. This Court has determined that a tax-free structured settlement is in the best interest of the minor. BJM, by and through his guardian ad litem, Michelle Tripp, is authorized to settle this claim on behalf of BJM and receive and negotiate funds on behalf of the minor. No bond shall be required of BJM, by and through his guardian ad litem, Michelle Tripp. Receipt of purchase of annuity is to be filed with the Court within sixty (60) days;

5) It IS ORDERED that from the settlement money, the sum of $952,309.55 shall immediately be paid to Rodriguez & Associates for the payment of attorney fees, costs, and reasonable expenses incurred in connection with the prosecution of this action; and

6) It IS ORDERED that the remaining balance of the settlement money in the amount of $472,690.45 shall be placed in THE BRYCE J. MOORE IRREVOCABLE TRUST, hereby approved of by this Order, with petitioner, MICHELLE TRIPP as the trustee and plaintiff, BJM, as the beneficiary, and that the trust res be used towards the purchase of a primary single family dwelling on behalf of BJM which will become an asset of the trust. Petitioner, as trustee, will not be permitted to transfer, sell, or encumber said property, and transfer of title of said property shall pass to BJM from the Trust, upon his attainment of the age

4

of eighteen (18). This Trust will be revocable when the minor attains the age of eighteen (18), and contains all other terms and conditions determined to be necessary to protect the minor's interest, as more fully described in the trust documents attached to the findings and recommendations as **Exhibit "B."**

IT IS SO ORDERED.

**Dated:   September 10, 2009**           /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE