UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MOORE, JR., et al., | 1:05-cv-01115-AWI-SMS |
| Plaintiff, | Consolidated with: |
| v. | 1:06-cv-0120-OWW-SMS |
| COUNTY OF KERN, et al., | ORDER DIRECTING PETITIONER ALICIA MOORE WHITAKER TO SUBMIT |
| Defendants. | SUPPLEMENTAL BRIEFING REGARDING THE PROPOSED SETTLEMENT |
| AND RELATED CONSOLIDATED CASE AND CROSS-CLAIMS | |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

On September 25, 2009, the Court held a hearing on the petition of Alicia Moore Whitaker for approval of the settlement of the claim of minor Plaintiff James W. Moore, Jr. Petitioner sought to have the Court approve a settlement whereby Petitioner Whitaker would facilitate the purchase of an annuity for $2,000,000.00, the bulk of the settlement funds; the remaining balance of $112,906.66 would be deposited in an insured account in the name of Whitaker, mother, and James W. Moore, Jr., minor son, subject to withdrawal by Whitaker for the use and benefit of

1

the minor until his eighteenth birthday, which will occur on October 15, 2010. There is no provision in the settlement for court approval of any expenditures, or for a blocked account.

    A district court has the power to make such orders as it deems proper for the protection of an infant or incompetent. Fed. R. Civ. P. 17(c). A claim by or against a minor or incompetent person may not be settled or compromised without a court order by the assigned judge who approves the settlement or compromise. Local Rule 17-202. Federal Courts generally require that claims by minors and incompetents be settled in accordance with applicable state law. William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 15:138 (2009).

    In California, court approval is required before a settlement or compromise of the claim of a minor or incompetent is enforceable. Cal. Prob. Code §§ 2504, 3500, 3600-12; Cal. Code Civ. Proc. § 372; see also Robert I. Weil & Ira A. Brown, Jr., California Practice Guide: Civil Procedure Before Trial § 12.572 (2009). A petition for approval of a compromise or covenant not to sue under Cal. Code Civ. Proc. § 372 must comply with Cal. Rules of Court, Rules 7.950, 7.951, and 7.952. Cal. Rules of Court, Rule 3.1384(a). When money or property is recovered on behalf of a minor or incompetent person, the money or property will be 1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, 2) disbursed otherwise pursuant to state law, or 3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person. Local Rule

1  17-202(e). In California, settlement proceeds not exceeding
2  $5,000.00 may be ordered to be paid to the custodial parent to be
3  held in trust until the minor reaches majority. Cal. Prob. Code
4  §§ 3611(e), 3401. Settlements of less than $20,000.00 may be
5  ordered held on conditions as the court in its discretion
6  determines to be in the best interest of the minor or incompetent
7  person. Cal. Prob. Code § 3611(d). In all other circumstances,
8  the proceeds must be paid to the guardian or conservator of the
9  estate or be deposited in a banking institution with withdrawals
10 to be approved by the court. Cal. Prob. Code §§ 3611, 3413.

11      The Court is uncertain whether ordering the large sum of
12 money to be held in an unblocked account by the mother to be used
13 for expenditures without Court approval is consistent with and
14 supported by the governing law.

15      Accordingly, Petitioner IS DIRECTED TO FILE no later than
16 fifteen days after the date of this order a letter brief
17 addressing whether the Court may and should order the sum of over
18 $112,000 to be in the unsupervised control of the parent.

20 IT IS SO ORDERED.

21 **Dated:    October 8, 2009**            **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE