

FILED
OCT 30 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. MOORE, JR., et al., | ) 1:05-cv-01115-AWI-SMS |
| Plaintiff, | ) Consolidated with: |
| v. | ) 1:06-cv-0120-OWW-SMS |
| COUNTY OF KERN, et al., | ) FINDINGS AND RECOMMENDATIONS RE: |
| | ) AMENDED PETITION FOR COMPROMISE |
| Defendants. | ) OF CLAIM OF MINOR PLAINTIFF JAMES |
| | ) W. MOORE, JR. (Doc. 216) |
| AND RELATED CONSOLIDATED CASE | ) |
| AND CROSS-CLAIMS | ) |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

Pending before the Court is the petition of Alicia Moore Whitaker, the mother of and guardian ad litem for the minor Plaintiff James W. Moore, Jr. (JWM), for approval of the compromise of the minor's claim, which came on came on regularly for hearing on September 25, 2009, at 9:48 a.m. in the courtroom of the undersigned Magistrate Judge. The guardian, as the person compromising the claim on behalf of the minor, and the minor attended the hearing. Further, David K. Cohn of Chain | Cohn | Stiles Law offices, appeared as counsel on behalf of Petitioner.

1 | There were no appearances by any other parties.
2 |     The Court has reviewed the relevant portions of the file and
3 | amended petition for compromise, which pursuant to Local Rule 17-
4 | 202(b)(2) should include the age and gender of the minor or
5 | incompetent; the nature of the claims to be settled or
6 | compromised; the facts and circumstances out of which the claims
7 | arose, including the time, place, and persons involved; the
8 | manner in which the compromise amount or other consideration was
9 | determined; and additional information as is required to enable
10 | the Court to determine the fairness of the settlement, such as
11 | the nature, extent and permanence of the injury in a personal
12 | injury case.
13 |     The petition adequately sets forth these matters.
14 |     Further, the Court has considered the minor's counsel's
15 | disclosure of interest and the terms of counsel's compensation,
16 | which have been disclosed as required by Local Rule 17-202(c).
17 |     At the hearing, the guardian was sworn and questioned by
18 | counsel and by the Court to ensure that the guardian understood
19 | each and every term of the settlement agreement, was satisfied
20 | that the settlement was fair to the child, and that the
21 | settlement was being entered without any reservations whatsoever.
22 | The Petitioner/guardian was also questioned concerning her
23 | understanding concerning the balance of $112,906.66 that was
24 | sought to be deposited in an insured account subject to the
25 | Petitioner's withdrawal for the use and benefit of the minor JWM
26 | until October 15, 2010, at which time JWM shall reach the age of
27 | eighteen years old, and the balance shall become his property.
28 | The Petitioner confirmed that the plan was to purchase an

1 automobile for the minor to use during schooling, liability
2 insurance, a computer, and other expenses solely for the benefit
3 of the minor. The Petitioner testified that she understands that
4 no portion of the money can be paid to her.

5     The Court also sought and received the minor's confirmation
6 that he understood the settlement, his mother's answers, and the
7 order the Court would be making.

8     A district court has the power to make such orders as it
9 deems proper for the protection of an infant or incompetent. Fed.
10 R. Civ. P. 17(c). A claim by or against a minor or incompetent
11 person may not be settled or compromised without a court order by
12 the assigned judge who approves the settlement or compromise.
13 Local Rule 17-202. Federal Courts generally require that claims
14 by minors and incompetents be settled in accordance with
15 applicable state law. William W. Schwarzer, A. Wallace Tashima &
16 James M. Wagstaffe, <u>California Practice Guide: Federal Civil</u>
17 <u>Procedure Before Trial</u> § 15:138 (2009).

18     In California, court approval is required before a
19 settlement or compromise of the claim of a minor or incompetent
20 is enforceable. Cal. Prob. Code §§ 2504, 3500, 3600-12; Cal. Code
21 Civ. Proc. § 372; <u>see also</u> Robert I. Weil & Ira A. Brown, Jr.,
22 <u>California Practice Guide: Civil Procedure Before Trial</u> § 12.572
23 (2009). A petition for approval of a compromise or covenant not
24 to sue under Cal. Code Civ. Proc. § 372 must comply with Cal.
25 Rules of Court, Rules 7.950, 7.951, and 7.952. Cal. Rules of
26 Court, Rule 3.1384(a).

27     Cal. Rules of Court, Rule 7.950 generally requires that the
28 petition disclose all information that has any bearing upon the

reasonableness of the compromise or covenant, and that the petition be verified by the Petitioner. Here, the Petitioner has verified the petition.

The Court has reviewed the petition and finds that it contains all the information required by Cal. Rules of Court, Rule 7.950 concerning the minor, the circumstances of the action and the settlement, the amounts of the settlement and the plan for distribution thereof, and the Petitioner's status with respect to the action.[1]

The Court has reviewed the petition and finds that it contains all the information required by Cal. Rules of Court, Rule 7.951 concerning counsel for the Petitioner and the terms of any agreement between the Petitioner and the attorney. Further, the guardian was questioned concerning the fees and costs, and the guardian expressly confirmed her approval of the fees and costs without reservation.

Defendants have offered Plaintiff JWM $3,025,000.00 in consideration of a full and final release and discharge of and from all claims of Plaintiff arising from the incidents in question and against all parties. Considering all the circumstances, the Court concludes that this sum is reasonable, fair, and in the best interests of the minor.

Further, considering the circumstances of the minor and the guardian's testimony, the Court finds that the purchase from two

---

[1] If the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, the settlement shall first be approved by the state court having jurisdiction over the personal representative unless the action is one in which the United States courts have exclusive jurisdiction. Local Rule 17-202 (b)(1). Here, there is no indication that the minor is represented by an appointed representative pursuant to appropriate state law.

4

1 different companies of an annuity on behalf of and for the
2 benefit of the minor Plaintiff JWM in the amount of $2,000,000.00
3 is fair and reasonable and is in the best interests of the minor.
4      In California, attorney's fees, reasonable expenses, and
5 court costs to be paid out of settlement proceeds must be
6 approved by the court. Cal. Fam. Code § 6602; Cal. Prob. Code §
7 3601. The court generally employs a reasonable fee standard, and
8 the court may approve and allow fees under a contingency fee
9 agreement made in accordance with law, provided that the amount
10 of fees is reasonable under all the facts and circumstances. Cal.
11 Rules of Court, Rule 7.955.
12      Here, the amount of attorney's fees sought is twenty-five
13 per cent plus costs. Twenty-five percent of the full settlement
14 amount is $756,250.00. The costs appear in the amended petition
15 (Doc. 216) as Exhibit C, and they amounted to $155,293.34. Total
16 fees and expenses amount to $911,543.34. Based on the itemization
17 and the guardian's testimony, it is found that the provision for
18 costs is reasonable and fair.
19      When money or property is recovered on behalf of a minor or
20 incompetent person, the money or property will be 1) disbursed to
21 the representative pursuant to state law upon a showing that he
22 is the duly qualified representative under state law, 2)
23 disbursed otherwise pursuant to state law, or 3) disbursed
24 pursuant to such other order as the Court deems proper for the
25 protection of the minor or incompetent person. Local Rule 17-
26 202(e). In California, settlement proceeds not exceeding
27 $5,000.00 may be ordered to be paid to the custodial parent to be
28 held in trust until the minor reaches majority. Cal. Prob. Code

1 §§ 3611(e), 3401. Settlements of less than $20,000.00 may be
2 ordered held on conditions as the court in its discretion
3 determines to be in the best interest of the minor or incompetent
4 person. Cal. Prob. Code § 3611(d). In all other circumstances,
5 the proceeds must be paid to the guardian or conservator of the
6 estate or be deposited in a banking institution with withdrawals
7 to be approved by the court. Cal. Prob. Code §§ 3611, 3413.

8    Here, Petitioner sought to have $112,906.66 deposited in an
9 insured account in the name of Petitioner and the minor, subject
10 to withdrawal by Petitioner for the use and benefit of James W.
11 Moore, Jr., for vehicle and school expenses, until his eighteenth
12 birthday, which shall occur on October 15, 2010, with the
13 remaining balance at that time to become the property of James W.
14 Moore, Jr.

15    The Court asked for supplemental briefing concerning the
16 propriety of this disbursement, and Petitioner submitted a letter
17 brief in which Petitioner modified her request seeking the
18 deposit of $75,209.91 into an unsecured account controlled by
19 Petitioner, to be used to purchase a motor vehicle to be held in
20 the name of the minor, as well as insurance and expenses, with
21 the remaining $37,696.75 to be deposited into a blocked account.
22 Petitioner submitted a invoice for a BMW 335i, costing
23 approximately $60,000, a car audio unit costing $8,289.90,
24 $4,322.20 for liability insurance for a year, and $200 monthly
25 for gas for twelve months, as well as an additional expense
26 amount, totaling the $75,209.91 figure. Alternatively, Petitioner
27 requests that the Court determine a reasonable sum for the
28 purchase and maintenance of a motor vehicle to be released to an

6

1 unsecured account to be controlled by Petitioner, with all
2 remaining settlement funds exclusive of the $2,000,000.00 annuity
3 to be placed in a blocked account until the minor's birthday.

4     The Court has considered the amended petition, the testimony
5 at the hearing on the petition, and the supplemental briefing.
6 The Court concludes that although a motor vehicle expense for the
7 minor, who is a student, is reasonable, there has been no
8 persuasive showing that the minor's needs or best interests
9 require the full extent of the approximately $75,000.00
10 requested. The Court finds that $40,000.00 is a reasonable amount
11 of money for the purchase of a vehicle and accessories, a year's
12 insurance, gasoline, and miscellaneous vehicle expenses.

13     Accordingly, the Court will direct that amount to be placed
14 in an unsecured account to be controlled by Petitioner solely for
15 the benefit of the minor and for the purpose of purchasing,
16 insuring, and maintaining a motor vehicle in the minor's name.
17 The remainder shall be placed in a blocked account until the
18 minor's eighteenth birthday.

19     All applications for orders authorizing interim
20 disbursements shall be heard by the appropriate state court judge
21 or by the assigned Magistrate Judge; if a state court hearing is
22 held regarding interim disbursements, a copy of the order shall
23 be filed with the Court with a copy to the Magistrate Judge and
24 shall be reviewed by the Magistrate Judge in accordance with
25 subsection (b)(1) of Local Rule 17-202. Local Rule 17-202(f).

26     After the money or other property is paid or delivered to a
27 settling parent, the parent may execute a full release and
28 satisfaction or a covenant not to sue or enforce judgment. Cal.

Probate Code § 3500.

Recommendation

Because the Court finds the settlement to be reasonable, fair to all parties, and in the best interests of the minor, the Court accordingly RECOMMENDS that

    1) The terms of the settlement as stated above, including costs and attorney's fees, BE APPROVED by the district judge assigned to the action; and

    2) It BE ORDERED that Defendant, COUNTY OF KERN, and its insurer, shall pay the sum of $3,025,000.00 (hereinafter "settlement money") on behalf of all Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, former SHERIFF MACK WIMBISH, KERN COUNTY DETENTION OFFICERS GREG COSSEL, MOSES ADAME, MARK JIMENEZ, CLINTON MINOR, GREGORY MORGAN, SHANNON HAUINGS, LARRY JOHNSON, JULIAN TREVINO, LISA ROMERO, ANGEL BRAVO, ROXANNE FOWLER, RALPH CONTRERAS and DANIEL LINDINI, SENIOR DETENTION OFFICER JAIME TELLEZ, DETENTION SERGEANT RANDAL HOLTZ, and KERN COUNTY SHERIFF DEPUTIES JEFF COLBERT and MARCUS HUDGINS, in consideration of a full and final release and discharge of and from all claims, charges, and demands of plaintiff, JWM, arising from this action. Petitioner is hereby authorized and directed to execute and deliver to Defendants a full, complete, and final release and discharge of and from any and all claims and demands of herself and Plaintiff, JWM, by reason of the incident described herein and resulting injuries, upon receipt of the settlement money; and

    3. It BE ORDERED that from the above stated settlement money, the Defendants shall pay $2,000,000.00 for the purchase of

8

1  a tax-free structured settlement annuity policy on behalf of
2  Plaintiff, JWM, with a guaranteed benefit of $3,505,547.75 and an
3  expected benefit of $9,317,496.40, from New York Life Insurance
4  Company and Pacific Life and Annuity Company through Bryan Milner
5  of Millennium Settlements. The Defendants shall execute a
6  Settlement Agreement and Release and execute a "Qualified
7  Assignment" of their obligation to make periodic payments
8  pursuant thereto in compliance with I.R.C. Section 104(a)(2) and
9  Section 130(c) of the Internal Revenue Code of 1986, as amended.
10 Said assignment shall be made to New York Life Insurance Company
11 and Pacific Life and Annuity Company ("Assignees"). Upon doing
12 so, the Defendants shall no longer be obligated to make further
13 periodic payments and the Assignees will be the Plaintiff's sole
14 obligors with respect to the future periodic payments. Assignees
15 shall purchase a structured settlement annuity for $2,000,000.00
16 through New York Life Insurance Company, an "A++, XV" rated life
17 carrier by A. M. Best Insurance Ratings Service and Pacific Life
18 and Annuity Company, an "A+, XV" rated life carrier by A. M. Best
19 Insurance Ratings Service. Said annuities shall provide
20 guaranteed periodic payments (subject to annuity rates in effect
21 at the time of purchase) made according to the schedule found in
22 the Chosen Settlement Proposal attached hereto as Exhibit "A."
23      No part of the said $2,000,000.00 may be paid to the
24 petitioner, Alicia Moore Whitaker. This Court has determined that
25 a tax-free structured settlement is in the best interest of the
26 minor. WJM, by and through his guardian ad litem, Alicia Moore
27 Whitaker, is authorized to settle this claim on behalf of WJM and
28 receive and negotiate funds on behalf of the minor. No bond shall

1  be required of WJM, by and through his guardian ad litem, Alicia
2  Moore Whitaker. Receipt of purchase of annuity is to be filed
3  with the Court within sixty (60) days; and
4       4. It BE ORDERED that from the settlement money, the sum of
5  $911.543.34 shall immediately be paid to CHAIN | COHN | STILES
6  for the payment of attorney fees, costs, and reasonable expenses
7  incurred in connection with the prosecution of this action; and
8       5. It BE ORDERED that from the settlement money, the sum of
9  $550.00 BE PAID immediately to David Atkins, MS, JFT, 2012 E.
10 Street, Bakersfield, California, for medical treatment and
11 services rendered to the minor, JWM; and
12      6. It BE ORDERED that from the remaining balance of the
13 settlement money not previously allocated to purchase of an
14 annuity, or to fees, costs, and expenses, the amount of
15 $40,000.00 shall be placed in an unsecured account in the name of
16 Alicia Moore Whitaker, mother, and James W. Moore, Jr., minor
17 son, at Wells Fargo Bank, Downtown Branch, located at 1300 22nd
18 Street, Bakersfield, California, subject to withdrawal by
19 Petitioner Alicia Moore Whitaker, solely for the use and benefit
20 of the minor, James W. Moore, Jr., and for the purpose of
21 purchasing, insuring, and maintaining a motor vehicle in the
22 minor's name until his eighteenth birthday, which shall occur on
23 October 15, 2010, at which time any remaining balance in the
24 account shall become the property of James W. Moore, Jr.; and
25      7. It BE ORDERED that the remaining balance of the
26 settlement money not allocated to purchase of an annuity, payment
27 of fees and costs, or to segregation in an account for vehicular
28 expenses, amounting to approximately $82,906.66, BE PLACED in an

1 insured, blocked account in the name of Alicia Moore Whitaker,
2 mother, and James W. Moore, minor son, at Wells Fargo Bank,
3 Downtown Branch, located at 1300 22nd Street, Bakersfield,
4 California, until the minor's eighteenth birthday, which shall
5 occur on October 15, 2010, at which time the remaining balance in
6 the account shall become the property of James W. Moore, Jr.

7     This report and recommendation is submitted to the United
8 States District Court Judge assigned to the case, pursuant to the
9 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
10 Local Rules of Practice for the United States District Court,
11 Eastern District of California. Within ten (10) court days after
12 being served with a copy, any party may file written objections
13 with the Court and serve a copy on all parties. Such a document
14 should be captioned "Objections to Magistrate Judge's Findings
15 and Recommendations." Replies to the objections shall be served
16 and filed within ten (10) <u>court</u> days (plus three days if served
17 by mail) after service of the objections. The Court will then
18 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
19 (b)(1)(C). The parties are advised that failure to file
20 objections within the specified time may waive the right to
21 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
22 1153 (9th Cir. 1991).

23     IT IS SO ORDERED.

25 DATED: *Oct. 30, 2009*    _____
                                     SANDRA M. SNYDER
26                                   UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**



# MILLENNIUM
SETTLEMENT CONSULTING

## CHOSEN SETTLEMENT PROPOSAL

**JAMES W. MOORE**
Date of Birth: October 15, 1992
Purchase Date: July 28, 2009

|  | Cost | Guaranteed Benefits | Projected Benefits |
|---|---|---|---|
| **Guaranteed Semi-Annual Benefits** | | | |
| $15,000.00 semiannually, guaranteed 5 years, beginning at age 18 (on October 15, 2010). The last payment will be made on April 15, 2015. | $140,040.00 | $150,000.00 | $150,000.00 |
| **Guaranteed Monthly Benefits** | | | |
| $2,000.00 per month, guaranteed 5 years, beginning at age 18 (on October 15, 2010). The last payment will be made on September 15, 2015. | $111,352.00 | $120,000.00 | $120,000.00 |
| **Guaranteed Lump Sum Benefits** | | | |
| $25,000.00 guaranteed lump sum payable at age 21 (on October 15, 2013). | $22,817.00 | $25,000.00 | $25,000.00 |
| $50,000.00 guaranteed lump sum payable at age 30 (on October 15, 2022). | $30,058.00 | $50,000.00 | $50,000.00 |
| $75,000.00 guaranteed lump sum payable at age 40 (on October 15, 2032). | $28,830.00 | $75,000.00 | $75,000.00 |
| $100,000.00 guaranteed lump sum payable at age 50 (on October 15, 2042). | $24,442.00 | $100,000.00 | $100,000.00 |
| $360,480.72 guaranteed lump sum payable at age 60 (on October 15, 2052). | $58,136.00 | $360,480.72 | $360,480.72 |
| IRR: 4.80% | | | |
| Total for Pacific Life and Annuity Company | $1,000,000.00 | $1,823,820.43 | $3,912,392.61 |
| **TOTAL** | **$2,000,000.00** | **$3,505,547.75** | **$9,317,496.40** |

**This quote has been locked-in.**
This quote is not valid if the date of birth or gender is incorrect.
*Life Expectancy information obtained from Lawyers & Judges Publishing Co. 2009.
Prepared on July 10, 2009.

Prepared By: Bryan Milner, Millennium Settlements
3500 Financial Plaza, Tallahassee, FL 32312
(800) 573-8853; Fax (850) 894-1110



## MILLENNIUM
SETTLEMENT CONSULTING

### CHOSEN SETTLEMENT PROPOSAL

**JAMES W. MOORE**
Date of Birth:  October 15, 1992
Purchase Date:  July 28, 2009

Chosen Proposal

|  | Cost | Guaranteed Benefits | Projected Benefits |
|---|---|---|---|
| **New York Life Insurance Company** <br> Rated A++, XV by A.M. Best |  |  |  |
| **Guaranteed Lifetime Monthly Benefit with Increase** |  |  |  |
| $3,843.85 per month for the life of James Moore, Jr., guaranteed 25 years, beginning at age 25 (on October 15, 2017), increasing at 3 % compounding annually. The last guaranteed payment will be made on September 15, 2042. Payments cease at the later of (1) the death of James Moore, Jr., or (2) the completion of 25 years. |  |  |  |
| IRR: 5.12% |  |  |  |
| Total for New York Life Insurance Company | $1,000,000.00 | $1,681,727.32 | $5,405,103.79 |
| **Pacific Life and Annuity Company** <br> Rated A+, XV by A.M. Best |  |  |  |
| **Guaranteed Lifetime Monthly Benefit with Increase** |  |  |  |
| $2,156.15 per month for the life of James Moore, Jr., guaranteed 25 years, beginning at age 25 (on October 15, 2017), increasing at 3 % compounding annually. The last guaranteed payment will be made on September 15, 2042. Payments cease at the later of (1) the death of James Moore, Jr., or (2) the completion of 25 years. | $584,325.00 | $943,339.71 | $3,031,911.89 |

**This quote has been locked-in.**
This quote is not valid if the date of birth or gender is incorrect.
*Life Expectancy information obtained from Lawyers & Judges Publishing Co. 2009.
Prepared on July 10, 2009.

Prepared By:  Bryan Milner, Millennium Settlements
3500 Financial Plaza, Tallahassee, FL 32312
(800).573-8853; Fax (850) 894-1110