IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES W. MOORE, JR., a minor, by and through his Guardian ad litem, ALICIA MOORE, individually and as successor in interest of James W. Moore, deceased, et. al,**<br><br>　　　　　　　　**Plaintiffs,**<br>　　v.<br><br>**COUNTY OF KERN, et. al,**<br><br>　　　　　　　　**Defendants.**<br><br>**AND RELATED CONSOLIDATED CASE AND CROSS-CLAIMS** | 1:05-CV-1115  AWI SMS<br><br>(Consolidated with:<br>CV F 06-0120 OWW SMS)<br><br>**ORDER DISMISSING ALL CLAIMS BY BRYCE J. MOORE and ORDER FOR CONTINUED STATUS REPORT AND NOTICE OF RECEIPT BY JAMES W. MOORE, JR.** |

　　　On February 25, 2010, the Court ordered the minor-Plaintiffs to file status reports, including an explanation as to why notices of receipt had not been filed as required by the Court's orders adopting Findings and Recommendations.

　　　Plaintiff Bryce Moore filed his status report, explained that he had only recently received the annuity, filed a proof of receipt of annuity, stated that he was drafting a mutual dismissal, and alternatively requested that all of his claims be dismissed with prejudice.  The Court is satisfied with this status report.  Further, in light of the settlement and status report, the Court will grant minor-Plaintiff Bryce Moore's alternatively requested dismissal with prejudice.  See Fed. R. Civ. Pro. 41(a)(2).

　　　Plaintiff James Moore, Jr. also has filed a status report.  The report indicates that the insurance company had "specific language requirements" which has resulted in a delay.  The signed settlement and release has been mailed, and upon receipt, the annuity contracts will issue.

It is requested that the Court keep the matter open until receipt, and that minor-Plaintiff James Moore, Jr. will file a receipt with the Court once the annuity is received.

The Court is satisfied with this status report. However, the Court will require that minor-Plaintiff James Moore, Jr. file a notice of receipt of purchase <u>immediately</u> upon receiving the annuity. Further, upon filing that receipt, minor-Plaintiff James Moore, Jr. shall state whether there is any valid reason for the Court to keep the case open. If it appears that the annuity will not be received before March 30, 2010, minor-Plaintiff James Moore, Jr. shall inform the Court prior to March 30, 2010, and give the Court a status report regarding the continued delay.

Accordingly, IT IS HEREBY ORDERED that:

1. All claims by minor-Plaintiff Bryce J. Moore are DISMISSED with prejudice (pursuant to Rule 41(a)(2), the settlement, and Court's Docket Document No. 240);
2. Minor-Plaintiff James W. Moore, Jr. shall file a notice of receipt of purchase of annuity immediately after receiving the annuity;
3. The notice of receipt of purchase of annuity also shall state whether there is any valid reason for the Court to keep this case open;[1] and
4. Minor-Plaintiff James W. Moore, Jr. shall inform the Court prior to March 30, 2010, if it appears that he will not receive the annuity by March 30, 2010, and shall provide a status report regarding the continued delay.[2]

IT IS SO ORDERED.

**Dated:   March 3, 2010**              /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Like minor-Plaintiff Bryce Moore, minor-Plaintiff James Moore, Jr. should indicate whether dismissal papers are being drafted or whether he alternatively requests dismissal with prejudice. It is the Court's intention for this case to close by March 30, 2010.

[2] Defendants and minor-Plaintiff James Moore, Jr. are to use best efforts to ensure that the annuity is purchased and issued as soon as possible.